Fisher v. The New-York Common Pleas.

---

*Ex parte* FISHER *vs.* NEW-YORK COMMON PLEAS.

The defence of *fraud* in obtaining a covenant, is not established by proof of the *violation of a promise* made by the covenantee at the time of the execution of the covenant.

MOTION for a mandamus. The relator moved for a mandamus to the New York common pleas, commanding them to vacate a rule for a new trial, granted by them in a cause prosecuted by one McWade against the relator. The action was covenant for rent due on an agreement under seal. The de-    [609] fendant executed the agreement as a surety for the lessee, who entered and held for three or four months. The defendant had given notice with a plea

Fisher *v.* The New-York Common Pleas.

of *non est factum,* pursuant to the statute, 2 *R. S.* 406, § 77, 78, ·that he would impeach the instrument on the trial as obtained by fraud; and proved that the premises, a dwelling-house, were much out of repair; that a proposition was made to the plaintiff after he had procured the agreement to be drawn, to insert a clause obliging him to make the necessary repairs. He had assented that this should be a part of the agreement before he had caused it to be drawn. It appeared that the repairs were important; and the kind of repairs were specifically mentioned. To the proposition for inserting the covenant, on his producing the draft, the plaintiff objected, saying his word was as good as his bond. It was then executed, but he neglected the more important repairs, and the premises were left in an untenantable condition. The jury found for the defendant. The common pleas granted a new trial. · One ground which they took among others, was, that fraud in avoidance of a written contract related to matters of fact, and not to false promises as to what the party would do.

*By the Court,* COWEN, · J. Without inquiring whether this be a case for a mandamus, within *The People* v. *The Judges of the Superior Court,* (10 *Wendell,* 285,) I am satisfied the motion must be denied on the merits. The new trial was granted on several grounds; but the main one was clearly sufficient. Fraud cannot be predicated of a promise not performed, for the purpose of avoiding a written instrument, or a bargain of any kind. This case is no more. A contrary doctrine would avoid almost every contract for the breach of which a suit is to be brought.

It is said, here was an intention not to perform, and a drawing in of the party to sign and seal, by a delusive promise of performance, with a fraudulent intent to leave the premises out of repair. I have only to say, that the tenant and defendant below were content to take the plaintiff's word. If that was not legally obligatory, then there has been a mistake of the law; but the defendant could not set that up for a fraud. If the promise was valid, a cross action will lie; but a breach of this promise cannot come in by way of set-off. It was not offered in that view, nor is it now pretended; nor is it insisted on by way of recoupment of damages, nor was it so presented to the jury. It was left to them whether here was a fraudulent drawing in of the defendant to sign a paper fraudulently drawn, on a fraudulent promise. If so, they were told the covenant was void. Another ground of defence having also been submitted to them, we cannot say how they found on this branch of the case; but had they found what is called fraud here, it would not have avoided the agreement.

The case of *The Commonwealth, for the use of Mishey Brenneman,* (1 *Rawle,* 311,) will be found in point to the ground which was taken by the common pleas. I refer particularly to the argument of Rogers, J., at *p.* 314 and 315, as fully illustrating the impropriety of christening promises of this kind by the name of fraud. The authority of that case is the better, because it will be seen by looking into the previous reports of Pennsylvania, that the law now recently introduced by our Revised Statutes placing sealed contracts here on the same footing with simple contracts in respect to impeachment for fraud and want, and failure of consideration, has long formed a part of the law of that state; and that the judges there have had much occasion to think and act upon it. In the case cited, the counsel were very ingenious in varying their proposition so as to get what they called the fraudulent promise, which formed the consideration of the sealed instrument, before. the jury; but the court would not let it go there in any form.

The motion must in this case be denied.