By the Court, Bronson, J.
If the plaintiffs had brought assumpsit instead of case, upon this contract of. bailment, *186 there could have .been no doubt, as a general proposition, that the release of one of the two joint contractors would have discharged both. But the form of the action cannot embarrass the question, for the rule is the same in relation to joint wrongdoers. The release of one discharges all. (Litt. § 376. Co. Lit. 232, a. Kiffin's case, Comb. 310, S. C. by the title of Kiffin v. Willis & Evans, 4 Mod. 379. Cocke v. Jenor, Hob. 66, pl. 69. Corbell v. Barnes, Cro. Car. 443, 444. Patridge v. Emson, Noy's R. 62, per Popham & Fenner, Js. Bac. Abr. Release, (G.) 7th Lond. ed. 1832. And see 3 Leon. 122, pl. 174; Albany v. Mauny, Noy’s R. 5.) As to the reason of the rule, Coke says, that the deed shall be taken most strongly against the releasor. It is elsewhere said, that the release is a satisfaction in law, which is equal to a satisfaction in deed. (Co. Litt. 232, a. Hob. R. 66, pl. 69. Bac. Abr. Release, G.) If we unite these two remarks, the reason of the rule seems to be, that the deed, being taken most strongly against the releasor, is conclusive evidence that he has been satisfied for the wrong ; and after satisfaction, although it moved from only one of the tortfeasors, no foundation remains for an action against any one. A. sufficient atonement having been made for the trespass, the whole matter is at an end. It is as though the wrong had never been done.
The deed may, however, be so qualified, that the release of one will not have the effect of discharging all. When it relates to joint debtors, all of whom are parties to the deed, and. the one who is not in terms released, agrees that he will still remain liable for the debt, that will qualify what would otherwise be the legal effect of the instrument, and it will only operate to discharge the debtor who is in terms released. (Rogers v. Hosack, 18 Wendell, 319.) But still there may be a question—at least in a court of law—in relation to the form of the remedy. When there is a novation, or the substitution of a new debt for an old one, the original debt is extinguished, and the remedy of the creditor is on the new contract. (1 Poth. on. Obi. (Evans) 339.)
*187 In Solly v. Forbes, (2 Brod. & Bing. 38,) -although both of the debtors were not parties to the release, the deed contained an express provision that it should not operate to discharge both, and that the plaintiff should be at liberty to. sue both ; and the action having been brought in that form, it was held that the release was not a bar. It is difficult to ascertain on what precise ground this case stands. Dallas, Ch. J. was careful to say, in conclusion, that “ it was not intended to interfere with any received principles or established cases, but to decide only on this particular case with reference to its special nature.” He then adds a “ further caution,” which I have not been able to comprehend.
In the case at bar, Fitzhugh was not a party to the release; nor did that instrument, as was the case in Solly v. Forbes, contain a provision that Throop might still be sued in the same manner as though no acquittance had been made. There is nothing to qualify the deed, except the written agreement of Fitzhugh, without seal, that the release should not impair or affect his liability; and it is well settled, as a general rule, that the legal effect and operation of a sealed contract cannot be controlled by a writing not under seal. (See Allen v. Jaquish, 21 Wendell, 628, and cases there cited.) This doctrine has been applied in cases like the one now under consideration. In Cocks v. Nash, (9 Bing. 341,) the plea was, that the plaintiff had released Mary Nash, who was a joint contractor with the defendant. The plaintiff replied that the release was executed “ with the knowledge, privity and consent, and at the request of the defendant, and on the condition and express promise and undertaking, by and on the part of the defendant to the plaintiff, that the release should not operate to release the defendant from, or in any way prejudice the rights, claims or remedies of the plaintiff against the defendant.” On demurrer, the replication was held bad, and judgment was given for the defendant, on the ground that the release could not be explained, or its legal effect varied by an agreement not under seal. Tindal, Ch. J. said: “ The objection to the replication is, that it seeks, by the introduction of parol evidence, to put on an instrument un *188 der seal a construction differing from the import of that instrument. That is an objection that was esteemed fatal as early as the time of Lord Coke.” He then cites the Countess of Rut-land’s case, (5 Co. 26,) to show, that “every contract or agreement ought to be dissolved by matter of as high a nature as the first deed.” In the principal case, it had been argued for the plaintiff, that for the purpose of giving effect to the intent of'the parties, the instrument might be construed as a covenant not to sue Mary Nash, and then. it would not operate to discharge the defendant. In answer to this, Gaselee, J. said: “No doubt a deed may be construed as a release, or a covenant not to sue, according to the intent of the parties manifested by the contents of the deed; but the plaintiff cannot show that intent by parol evidence. In all the cases cited, the court has extracted the meaning of the parties from the deed itself” It was added, by Bosanquet, J. thqt the release to Mary Nash “ operates as a release to the defendant, unless the plaintiff shovis something to alter its effect. Now a deed of release may be explained by recitdíl, or other matter contained in the same deed, as appears by the case of Solly v. Forbes; but the court cannot look at an instrument of a lower degree, in explanation of an instrument under seal.” The court of queen’s bench, in the recent case of Brooks v. Stuart, (9 Adol. & Ellis, 854,) acted Upon the same principle. The pleadings were similar to those in Cocks v. Nash, and Lord Denman, Gh. J. stopped the defendant’s counsel, and said, “the replication is .bad. It sets up a parol exception to an instrument under seal.” Judgment was given for the defendant.
However much we may regret the necessity of turning the plaintiffs round to another action, that is the only alternative. They can only sue upon the substituted contract by which Fitzhugh agreed, for a sufficient consideration, that the release should not impair" or affect his liability!
• New trial denied.
*189 DECISIONS OF CASE'S ARGUED AT THE SPECIAL TERMS, JANUARY, FEBRUARY AND MARCH, 1841.