Mundy *v.* Culver.

## Mundy *vs.* Culver.

When a contract is such that the damages, in case of a violation of it, will be uncertain in their nature and amount, and the parties have stipulated that in the event of a breach, a certain sum shall be paid by the party in default, as liquidated damages, they will be regarded as having so intended, and that sum will be treated as the measure of damages.

Thus where the plaintiff agreed to sell and convey to the defendant a lot of land, with a storehouse thereon, possession to be given at a future day; also to sell and deliver to the defendant, at the same time, all the goods, wares and merchandise which the plaintiff might then have in his store; and the defendant covenanted to pay specified prices for the said lot and goods, and the parties, by the last clause of the contract, agreed that if either should fail to fulfill the agreement, he should pay to the other party the sum of $1000 as liquidated damages; *Held,* that on a breach by the defendant, the plaintiff was entitled to recover the $1000, as his liquidated damages.

Motion by the defendant for a new trial, upon a bill of exceptions. The action was brought upon a written agreement, executed by the parties, on the 9th of January, 1851, by which the plaintiff agreed to sell and convey to the defendant a certain piece of land in the village of Farmersville, with a storehouse thereon; possession to be given on the first day of March then next. The plaintiff also agreed to sell and deliver to the defendant, on the said first day of March, all the goods, wares and merchandise which he might have on hand in his store in Farmersville, on the said first day of March, to be delivered on that day. In consideration of which the defendant covenanted and agreed to pay to the plaintiff $950 in the manner therein mentioned; also the value of the said goods, wares and merchandise,

said value to be estimated at six per cent less than the cost thereof to the plaintiff, and to be secured by good approved promissory notes. The last clause of the agreement was as follows : " And it is mutually agreed between the parties aforesaid, that if either party hereto shall fail to fulfill the covenants and agreements hereinbefore contained, to be fulfilled, performed and kept by the party so failing as aforesaid, then the party so failing as aforesaid shall pay to the other of said parties the just and full sum of one thousand dollars as liquidated damages for the default aforesaid."

The complaint alleged the following breaches of said contract, by the defendant, viz : 1. A refusal to pay the $950 ; 2. A refusal to pay to the plaintiff the value of the goods, &c., estimated at six per cent less than cost, by the delivery of good promissory notes. The plaintiff alleged a tender of performance by him, and demanded judgment for $1000. An answer was put in by the defendant, denying most of the allegations in the complaint, and excusing his omission to perform the agreement, on his part, on account of the fraud and misrepresentations of the plaintiff, as to the character, amount and value of the goods, &c. The plaintiff replied, and the cause was tried at the Seneca circuit, in October, 1851, before Justice Welles and a jury. The plaintiff proved the delivery of a deed to the defendant, of the lot of land mentioned in the contract, and the making of an inventory of the goods in the store, in the defendant's presence, and with his assistance. When the plaintiff rested the defendant's counsel moved for a nonsuit, on the ground that the $1000 mentioned in the contract was to be regarded as a penalty, and not as liquidated damages, and that it did not appear that the goods had been inventoried, or offered to the defendant in accordance with the contract, &c. The judge denied the motion ; and after hearing testimony on the part of the defendant he charged the jury, among other things, that the plaintiff was entitled to a verdict for $1000, provided he had performed, or offered to perform, the contract on his part ; that the plaintiff was not bound to make a complete delivery of the goods, on the 1st day of March, and if the defendant assented to the delay necessary to make the in-

ventory, it was a waiver as to time ; that the plaintiff had a right to inventory, and the defendant was bound to receive, all articles in the store, of any value as store goods, &c. The jury found a verdict for the plaintiff, for $1000.

*P. G. Clark*, for the plaintiff.

*Dana & Beers*, for the defendant.

*By the Court*, T. R. STRONG, J. The parties, in the concluding part of their contract, have expressly declared, that if either shall fail to fulfill the covenants and agreements in the contract contained, the party failing shall pay to the other the just and full sum of one thousand dollars, as liquidated damages for the default. More clear and explicit language could not have been employed, to express an intention to fix and settle the amount of damages to be paid upon non-performance by the failing party ; and the parties must be deemed to have entertained such an intention, unless it is apparent from other parts of the contract, applying the legal rules of construction, that they did not mean what they have stated. If such was their intention, the law will carry it into effect. (*Dakin* v. *Williams*, 17 *Wend.* 447, 454. *Williams* v. *Dakin*, 22 *Id.* 201.)

There are various legal rules for ascertaining whether a sum named in a contract, to be paid by a defaulting party, was intended as liquidated damages or a penalty merely. Among these rules, is one well established by numerous decisions, that when a contract is such that the damages, in case of a violation of it, will be uncertain in their nature and amount, and the parties have stipulated that in the event of a breach a certain sum shall be paid by the party in default, as liquidated damages, they will be regarded as having so intended, and that sum will be treated as the measure of damages. (*See the cases above cited, and others therein referred to. Sedg. on Dam.* 421. *Holmes* v. *Holmes*, 12 *Barb.* 137.)

That rule is applicable to the present case. It has been applied, in several cases in this state, to contracts for the sale and purchase of real estate. (*Holmes* v. *Holmes, above cited. Knapp*

Mundy *v.* Culver.

v. *Maltby*, 13 *Wend.* 587. *Hasbrouck* v. *Tappen*, 15 *John.* 200. *Slosson* v. *Beadle*, 7 *Id.* 72.) The damages, in those cases, are held to be sufficiently uncertain to bring them within the rule. In this case, there is greater uncertainty as to the damages in respect to the goods than the land. The sum agreed upon as damages, was designed as the damages for a total non-performance. It is expressed to be for a failure " to fulfill the covenants and agreements in the contract." (*Esmond* v. *Van Benschoten*, 12 *Barb.* 366, 374.) The case is not, therefore, one of a contract, with several stipulations of various degrees of importance, as to some of which the damages might be considered liquidated, whilst for others they may be deemed unliquidated, and a sum of money is made payable on the breach of any of them ; nor is it the case of a larger sum stipulated as damages for the non-payment of a smaller one ; in which cases the courts have held the sum named, although denominated liquidated damages, a penalty. (*Sedg.* on *Dam.* 406, 8, 9, *and cases there cited.*) Indeed, the contract in question, in legal effect, provides for a single act on each side—the sale of the land and goods by the plaintiff, and the payment therefor by the defendant. Notwithstanding the form of the contract, it is apparent that what was to be done by each of the parties, was regarded by them as much an entire thing as if it had formed the subject of a single stipulation.

I do not perceive that the evidence offered by the defendant, of the terms and contents of the agreement between him and the witness Knight, for the purchase of the goods by the latter of the defendant, and that Knight was to take the goods as they should be inventoried, according to the contract between the plaintiff and the defendant, and that the plaintiff had knowledge of the contract, was at all relevant to any question in the case.

There was no error in excluding the question, whether the calicoes were saleable as such. The contract embraced " all the goods, wares and merchandise" which the plaintiff might have on hand in his store, and the defendant was bound to receive the calicoes, if they were of any value. There was no evidence that

which would alone have warranted the exclusion of the question, the defendant objected to take the calicoes with the other goods,

I think no error was committed in the charge to the jury, or in the refusal to charge as requested.

The motion for a new trial must be denied.

[Monroe General Term, September 4, 1854. *Johnson, Welles* and *T. R. Strong*, Justices.]