Brinkerhoff *v.* Olp.

I think a new trial should be denied.

New trial granted.

[ALBANY GENERAL TERM, March 5, 1860. *Gould, Hogeboom* and *Peckham,* Justices.]

---

## BRINKERHOFF *vs.* OLP, executor, &c.

Where, in a contract for the sale and conveyance of land, there was no other description of the premises except what was contained in the words "his farm," it being clear from the contract that these words referred to the *vendor's* farm, *it was held* to be a case of latent ambiguity, which was susceptible of explanation by parol evidence.

*Held also,* that a deed, tendered in execution of the contract, purporting to convey the premises embraced in the contract, coupled with parol proof that the land described in such deed was the same land intended by the parties to the contract by the words "his farm," was admissible in evidence, in an action against the executor of the purchaser, upon the contract.

And the purchaser having died, after the execution of the contract, it was further *held* that his will was properly received in evidence, in such action, for the purpose of showing what disposition the testator had made of his property, and whether the deed had been tendered to the proper grantees.

Where a purchaser dies before the period when, by the terms of the contract, the first payment is to be made and possession of the land given, a separate tender of the deed to all the heirs or devisees of the purchaser is not necessary. It is sufficient if a deed conveying the premises to the heirs and devisees be tendered to the executor, who represents the testator's means of paying the purchase money

Where, by an executory contract for the sale and purchase of land, the parties bound themselves, each unto the other, "in the penal sum of $200, as fixed and settled damages to be paid by the failing party;" *Held* that the sum named was intended as liquidated damages, and not as a penalty.

APPEAL from a judgment entered on the report of a referee. The complaint was in the words following: "James Brinkerhoff, the plaintiff in this action, complains of Henry W. Olp, executor of the last will and testament of Barnabas Olp, deceased, as follows: that on the 19th day of November, 1855, the said plaintiff was the owner and in the possession and occupancy of a farm situate in the towns of Mt. Morris and Portage, county of Livingston, state of New York, and on the road known as the picket line, containing about sixty-four and $\frac{100}{100}$ acres of land, being the east part of lot number one hundred and thirty-five of the Cottenger tract, so called; and that the said plaintiff, being so the owner and in possession of said farm, on the 19th day of November, 1855, the said plaintiff and the said Barnabas Olp entered into a contract in writing under their respective hands, of which the following is a copy, to wit:

'This agreement, made the 19th day of November, 1855, by and between James Brinkerhoff of the town of Mt. Morris, in the county of Livingston and state of New York, of the first part, and Barnabas Olp, of the same place, of the second part, viz: the said party of the second part covenants and agrees to and with the party of the first part, and agrees to pay to the party of the first part, seventy-five dollars per acre for his farm, to have possession the first day of April, 1856. And the party of the second part covenants and agrees to pay unto the said party of the first part, for the same, the sum of four thousand eight hundred and forty-six dollars and eighty-seven cents, as follows: two thousand dollars on the first day of April next, and the remainder in four equal annual installments with annual interest, payable at the time of each payment. And for the true and faithful performance of each and every of the covenants and agreements above mentioned, the parties to these presents bind themselves, each unto the other, in the penal sum of two hundred dollars, as fixed and settled damages to be paid by the failing party.

In witness whereof, the parties to these presents have hereunto set their hands the day and year first above written.

N. B. The party of the first part agrees to give a good warranty deed to the party of the second part on the first day of April next, and the second party is to give a bond and mortgage as security on the farm for the remainder of said debt.

JAMES BRINKERHOFF.

B. S. OLP.'

That the farm referred to in said contract is the same farm herein first above described. That the said Barnabas Olp departed this life on or about the 19th day of February, 1856, having previously made his last will and testament in due form, thereby appointing the said Henry W. Olp the executor thereof; which said last will and testament has been duly admitted to probate by the county judge of Livingston county and letters testamentary thereon duly issued to the defendant, and that the defendant has entered upon his duties as such executor.

The plaintiff further says, that on the first day of April, 1856, he offered the said defendant to convey the said farm to Maria Olp, Henry W. Olp, Sarah Williams, Mary Swallow, Joseph P. Olp and George Olp, the persons who by the said last will and testament were entitled to a conveyance of the same, and then offered fully to perform said contract on his part, and requested the said Henry W. Olp to perform said contract on his part and to pay the money then due thereon; but the said defendant then wholly refused, and ever since has refused to perform said contract; by reason whereof the said defendant, executor as aforesaid, became liable to pay to the plaintiff the sum of two hundred dollars, that being the sum agreed upon in and by said contract, as fixed and settled damages, to be paid by the failing party in case of failure to perform the same. The plaintiff further says, that the said defendant, although often requested so to do, has not paid the said two hundred dollars or any part there-

of. Wherefore the said plaintiff demands judgment against the defendant for the sum of two hundred dollars and interest thereon from April 1st, 1856, besides the costs of this action."

The defendant put in his answer, by which issue was taken upon the various allegations of the complaint, excepting that he admitted his character as executor of the will of Barnabas Olp, who, he admitted, died on or about the 19th day of February, 1856.

The action was referred by consent of parties to John A. Van Derlip, Esq., to hear and determine the same. The action came on for trial before the referee in November, 1857, when the plaintiff offered in evidence the contract between the plaintiff and the said Barnabas Olp, deceased, which is set forth in the complaint, the signatures to which were admitted by the defendant. To the introduction of this contract, the defendant's counsel objected, on the ground that the same was void for uncertainty, in the description and location of the premises attempted to be described. The objection was overruled by the referee and the contract received in evidence, and the defendant excepted.

The plaintiff then produced and gave in evidence a deed from himself and wife, bearing date March 29, 1856, to Maria Olp, widow of Barnabas S. Olp, deceased, Henry W. Olp, Sarah Williams, Mary Swallow, Joseph P. Olp and George Olp, heirs at law of the said deceased, for certain premises therein particularly described as situated in the towns of Mt. Morris and Portage, Livingston county, containing sixty-four acres and one hundred rods. This deed contained the usual covenant of warranty, and also the following clause: " This conveyance is made in pursuance of a contract executed by the within named James Brinkerhoff to the within named Barnabas S. Olp, in his lifetime, and dated November 19th, 1855, for the sale and conveyance of the above described premises by the said Brinkerhoff to the said Olp, and is intended

to vest the property of the said premises in the above named heirs at law, subject to the dower right of the widow therein, and wholly subject, nevertheless, to the provisions contained in the last will and testament of the said deceased." The deed was duly acknowledged before a justice of the peace, on the 31st day of March, 1856. Its introduction as evidence was in due time objected by the defendant's counsel, the objection overruled, and the defendant's counsel in due time excepted. The plaintiff then gave evidence, under objection and exception on the part of the defendant, tending to show that the premises described in said deed were the same in and by the said contract agreed to be sold by the plaintiff to the testator in his lifetime.

The plaintiff also, under like objection and exception, proved by C. L. Bingham the admission by the defendant that he, the plaintiff, had offered the defendant to convey the premises and to perform the contract on his part. This was on the occasion of the request of the plaintiff to refer the question, under the revised statutes.

The plaintiff also, under like objection and exception, gave in evidence the will of the said Barnabas Olp, deceased, which bore date February 3d, 1845. It was conceded that this action was commenced July 1st, 1856.

The plaintiff then rested; whereupon the defendant moved for a nonsuit, on the grounds, 1st. That the contract proved was void for uncertainty, in the location and description of the land therein referred to. 2d. That the sum sought to be recovered is a penalty, and not liquidated damages, and the plaintiff therefore is only entitled to recover such damages as he has actually sustained, and, having proved none, he cannot recover at all. The motion for a nonsuit was overruled, and the defendant excepted.

The referee reported the following facts: 1st. That on the 19th day of November, 1855, the plaintiff and Barnabas Olp entered into and executed a written contract, a copy of which is set forth in the complaint. 2d. That the farm referred to

in said complaint was the one on which the plaintiff then re-sided, and is described in the complaint. 3d. That the last will and testament of Barnabas Olp was admitted to probate on the 10th day of March, 1856. That in and by the same, the testator, after making certain specific bequests and de-vises not including the said farm, devised and bequeathed the residue of his real and personal estate to Maria Olp, Henry W. Olp, Sarah Williams, Mary Swallow, Joseph P. Olp and George Olp. 4th. That on the 1st day of April, 1856, the plaintiff was ready and willing, and offered to the defendant, to convey to the persons above named the prem-ises described in said complaint, and demanded of him a performance of the said contract on the part of the said de-fendant, which he refused. 5th. That about the 1st of May, 1856, before the commencement of this action, the plaintiff proposed in writing to the defendant to refer the matter in controversy between them, arising out of the said contract, to three disinterested persons, to be appointed by the surrogate of Livingston county, and the defendant declined the prop-osition.

And as a conclusion of law, the referee found and decided that the plaintiff was entitled to judgment against the defend-ant for the sum of two hundred dollars, with interest from April 1st, 1856, amounting together, at the date of the re-port, to $226.37.

Judgment was entered on this report, from which judg-ment the defendant appealed.

*R. P. Wisner,* for the appellant.

*George Hastings,* for the respondent.

*By the Court,* WELLES, J. The objection now made that the contract was improperly admitted in evidence, is un-founded. By the contract the defendant's testator agreed to pay the plaintiff $75 per acre for *his farm.* The whole

Brinkerhoff *v*. Olp.

amount of the purchase money is afterwards mentioned in the contract as $4846.87, $2000 of which was to be paid on the first day of April, 1856, upon which the plaintiff was to give a conveyance, and the defendant's testator was to give his bond and mortgage on the farm to secure the balance of the purchase money, payable at the times mentioned in the contract. The objection is that the contract is void for uncertainty, there being in it no description of the farm agreed to be sold, excepting what is contained in the words "his farm." It is clear from the contract that these words refer to the *plaintiff's* farm. We think it a case of latent ambiguity, which was susceptible of explanation by parol evidence. *Ryerss* v. *Wheeler*, 22 *Wend*. 148.)

The deed tendered under the contract was properly received in evidence. The plaintiff proved by parol evidence satisfactory to the referee, and which we think was sufficient, that the land described in the deed was the same land intended by the parties to the contract by the words "his farm," and the farm agreed to be sold. The $4846.87, the purchase price of the farm, would buy 64 acres and 100 rods of land at $75 per acre, within a very small fraction. The evidence of the witness Bingham of the admissions and declarations of the defendant were properly received by the referee. They were made by the defendant on the occasion of the witness calling on him to consent to a reference under the statute, and were as it seems unobjectionable.

The will of the testator was properly received in evidence. It was material to show what disposition he had made of his property, and especially of the farm in question, if any, in order to see whether the deed tendered was to the proper grantees.

The offer of the deed we think a substantial compliance with the contract, Barnabas Olp, with whom the contract was made, having died before the first of April, when the first payment was by its terms to have been made and possession of the farm given by the vendor to the purchaser. It

was not necessary for the plaintiff to make a separate tender of the deed to all of the heirs or devisees. It was offered to the defendant, who represented the testator's means of paying for it. An offer to the other grantees, other than the defendant, would have been an idle ceremony, as, in contemplation of law, they had no means from the testator's estate with which to pay for the land ; and without such payment, or so much as the contract called for on the first of April, they had no right to the deed. If the defendant had paid the $2000 and procured the mortgage from the grantees in the deed for the balance of the purchase money, it would have been a compliance on the part of the estate of the testator with the contract, and the defendant would have been entitled to the deed, which, as he was one of the grantees, he would have held for himself, and as agent of the other grantees.

The action is for the $200 mentioned in the contract " as fixed and settled damages" to be paid by the party failing to perform its stipulations, and we think the plaintiff has done all in his power, and all the law required of him, in order to put the other party in default. He offered the conveyance to the defendant, who refused to receive it and perform the contract, without any objection to the form of the conveyance or to the grantees therein.

We are clearly of the opinion that the $200 provided in the contract to be paid by the failing party, was intended as liquidated damages and not as a penalty. (*Mundy* v. *Culver*, 18 *Barb.* 336, *and cases there cited.*)

The judgment should be affirmed.

[Monroe General Term, March 5, 1860. *Strong, Welles* and *Johnson,* Justices.]