Speir, J.
[After stating above facts.]—It is well settled that the vendor has a lien on real estate for the purchase money, or any portion thereof, while the estate is in the hands of ^ the vendee, and when there is no contract that the lien by implication, was not intended to be reserved. This lien of the purchase money on the land is so firmly established in equity, that it lies on the purchaser to show that the vendor agreed to rest on other security, in order to be discharged from the obligation (Garson v. Green, 1 Johns. Ch. 308 ; Sugden, ch. 12, p. 352; 1 Sch. & L. 132 ; 1 Bro. 420).
The chief question under this class of equity actions, which has created some diversity of opinions in the earlier cases, has been what constitutes a waiver of the lien.
There is no question if the vendee sells to a person without notice, the lien is lost.
So the lien is waived, where a note or bond is taken of the vendee for the purchase money, in which a third person joins as security. But the decisions are now quite unanimous, that the grantor’s taking the mere personal security of the purchaser only, does not waive his lien, unless there be an express agreement between the parties, that the equitable lien be waived. But whenever any security is taken on the land sold or otherwise, for the whole or part of the purchase *307 money, the equitable lien will be waived unless there be an express agreement that it shall be retained.
In the case at bar, the memorandum note and agreement show that the lien on the land was positively made the prime security for the balance of the par-chase money, on defendant’s separate estate; and the allegation in the complaint alleges no other separate estate, and that the land is expressly charged with the lien, and there is no evidence of any waiver.
The plaintiff is entitled to judgment of foreclosure, with costs.