THE THIRD NATIONAL BANK, Respondent, *v.* ELIZABETH M. BLAKE, Impleaded, etc., Appellant.

An indorsement of a promissory note by a married woman, by its terms charging her separate estate with the payment of the note, is not a mortgage in any sense.

It is simply a personal security within the meaning of the national banking act, and a national bank is not prohibited from taking it.

Where the holder of a note so indorsed agreed with the maker for an extension of time, it being part of the agreement that the indorser should indorse a new note, and she thereupon executed an instrument stating, in substance, that in consideration of the agreement she consented to the extension, and waived all defenses she might have in consequence thereof, *held,* that this was a valid agreement on her part, based on a sufficient consideration, and was binding; that the indorsement being ·in form a charge upon her separate estate, she could deal with the obligation as if she were a *feme sole;* and that, therefore, the extension was no defense in an action upon the indorsement.

(Argued April 1, 1878; decided April 9, 1878.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, affirming a judgment in favor of plaintiff, entered upon the decision of the court on trial without a jury.

This action was brought by plaintiff, a banking corporation organized under the national banking act, upon a promissory note made by defendant Clarence A. Blake, and indorsed by defendant Elizabeth M. Blake, who was the wife of the maker. The indorsement was in these words :

" I hereby charge my separate and personal estate for the payment of the within note.

" E. M. BLAKE."

Mrs. Blake alone defended. She offered in evidence an instrument marked " A," signed by plaintiff's cashier, acknowledging the receipt of a portion of the interest on the note and other indebtedness of Mr. Blake to plaintiff, and agreeing that, upon his payment of the balance of interest and costs in a suit then commenced, to give said Blake a specified time to reduce his indebtedness to a sum specified, and upon his making the reduction and giving certain specified security, to extend the time for the payment of the balance; the terms of the settlement to be embodied in a contract.

Plaintiff then introduced in evidence a contract, drawn up as contemplated by said instrument, which was marked " C." This contract contained a provision that one of the notes to be given in extension, of the same amount as the note in suit, should be indorsed by Mrs. Blake, and that upon the execution and delivering of the new notes, including the one so indorsed, the note in suit should be surrendered.

Plaintiff also introduced in evidence an instrument under seal, executed by Mrs. Blake, bearing the same date as the contract, which was marked " B." This instrument, after reciting the indebtedness of Mr. Blake, and the fact that the note in suit was a part thereof, contained the following :

" And whereas, the said Third National Bank has this day agreed to extend the payment of said indebtedness to certain times, as is provided in a certain contract this day made between said Blake and said bank ;

" And whereas, by said contract it is provided that a new note is to be given by me in lieu of the note first herein mentioned, the payment of which said note is to be extended, as is stated in said contract ;

" Now, therefore, in consideration of the premises, I hereby consent to the extension of the time of payment of said notes, indorsed by me as aforesaid, as is in said contract pro-

vided ; and I hereby waive all defense or defenses that I may have to any liability, as indorser upon said notes or either of them, by reason of such extensions thereof as aforesaid."

*Bowen, Rogers & Locke*, for appellant. The indorsement by the appellant was a mortgage, and was within the prohibition of the statute creating national banks, and plaintiff cannot recover. (*Fowler* v. *Scully*, 72 Penn. St., 456; *Kan. Val. Nat. Bk.* v. *Milo*, 2 Dill., 371.) The appellant's release created no new liability, either by way of estoppel or otherwise. (*Yale* v. *Dederer*, 22 N. Y., 460; 18 id., 276; *Corn Ex. Bk.* v. *Babcock*, 42 id., 622; *Kelson* v. *Tabor*, 52 Barb., 129.)

*Geo. Gorham*, for respondent. The language of the indorsement was sufficient to authorize a judgment against the appellant. (*Corn Ex. Ins. Co.* v. *Babcock*, 42 N. Y., 613; *Manhattan Co.* v. *Thompson*, 58 id., 82; *Sherwood* v. *Archers*, 4 Weekly Dig., 113.) The receipt which the appellant claimed discharged her by reason of the extension to the maker was not a valid agreement. (*Pabodie* v. *King*, 12 J. R., 426; *Kellogg* v. *Olmsted*, 25 N. Y., 190; *Halliday* v. *Hart*, 30 id., 474; *Vilas* v. *Jones*, 4 id., 288, 289; *Draper* v. *Trescott*, 29 Barb., 407; *Fernan* v. *Doubleday*, 3 Lans., 216.)

Earl, J. Judgment was recovered in this action against both defendants upon a note made by the defendant Clarence A. Blake, and indorsed by his wife, the other defendant, in the following form : " I hereby charge my separate and personal estate for the payment of the within note." It is now claimed by the wife that the judgment should be reversed, upon two grounds, which may be separately considered.

First. It is said that the indorsement became a mortgage upon her separate estate, and hence that the bank could not

take it under the national banking act. (U. S. R. S., §§ 5136, 5137.) It has been decided that a national bank cannot take a mortgage upon real estate to secure a loan made on the faith thereof. But this indorsement is not a mortgage in any sense. It did not have the effect of conveying any property or of giving any specific or general lien upon any property. The indorser still had the right to deal with her property in all ways just as if she had not made the indorsement. The only practical effect of such an indorsement was to create against her a liability which could be inforced, as if she were not a married woman, out of any property which would be liable to execution whether she had it when she made the indorsement or subsequently acquired it. It is not necessary, in such a case, to resort to a court of equity to inforce the liability. It is not inforced by a proceeding against property upon the theory of a lien, but by a common-law action in which a personal judgment is rendered. (*Corn Exchange Ins. Co.* v. *Babcock*, 42 N. Y., 613.) Hence this indorsement must be treated as personal security within the meaning of the banking act.

Second. It is contended that there was an extension of time to the maker which discharged the indorser. The judge at the trial term found that the extension was with the consent, knowledge and acquiescence of the indorser, and this finding was warranted by the evidence. I think it is a fair inference, from all the evidence, that the three papers marked A, B and C were all parts of the same negotiation, and they must all be construed as if executed at the same time. Paper " A " could have no effect unless Mr. Blake performed as therein stipulated, and there is no evidence that he did so perform or that that paper ever became operative. But even if it did, paper " B," subsequently executed by Mrs. Blake, took from her any defense which she might otherwise have had on account of an extension of time previously made without her knowledge or consent. In that paper, executed under seal, she recites her liability upon the note in suit, and that the payment thereof was a charge

upon her separate estate; that the bank had agreed with her husband to extend the time of payment upon the note, as provided in paper " C," and that it was part of the agreement that she was to give a new note in lieu of the note in suit the payment of which was to be extended; and then she says, in consideration of the premises, she consents to the extension of time and waives all defenses which she may have as indorser on account of the extension of time. This was a valid agreement, based upon a sufficient consideration, and was binding upon her. Her indorsement upon the note was, in form, a charge upon her separate estate, and she could, therefore, deal with the obligation as if she were a *feme sole*. She was not obliged to set up any defense which she had. She could, defore or after the suit, waive any defense. She had the same power to give her indorsement new vitality as she originally had to make it.

There was, therefore, no error, and the judgment must be affirmed, with costs.

All concur, except ALLEN and MILLER., JJ., absent.

Judgment affirmed.