Ingalls, J.
This controversy is reduced to one inquiry, viz., whether the insertion in the mortgage of the following provision, “ And hereby makes the payments of the moneys hereby secured a charge upon her other sole and separate estate,” and recording the same as a part of such mortgage, had the effect to create a lien or incumbrance upon lot number 194, which is superior to and takes preference of the conveyance by Mrs. Murphy to the said Rafter ? The examination of this case has convinced me that no such lien or incumbrance exists, and that the plaintiff is not, in law or equity, entitled to a judgment directing the sale of said lot 194 for the purpose of satisfying any part of the money secured by such mortgage. My reasons for this conclusion are the following :
First. Regarded in the nature of a mortgage or specific lien upon said lot, there is no sufficient description of the premises to render the same operative. Peck v. Mallams, 10 N. Y. 509, 524; Rollin v. Pickett, 2 Hill, 552 ; Mason v. White, 11 Barb. 173. Rafter is to be regarded a bona fide purchaser of lot 194 unless the provision referred to in the mortgage being recorded was sufficient to render him otherwise. And consequently, in determining the sufficiency of the description, a more stringent rule should obtain in his favor than in regard to the parties to the mortgage. Certainly, quite as much so as in regard to a sale by a sheriff under an execution. The clause referred to in the mortgage is very general. No particular piece of land is mentioned, nor is even the word “land” or “real estate” employed.. Suppose the mortgage in question had contained no description of premises, ex *405 cept the clause in question, could it be fairly concluded that such instrument would be an operative conveyance as against a purchaser for value and with no notice other than that derived from such a record? This is even a stronger case against plaintiff than the one suggested, as the ample description of the one piece of land in the mortgage would be likely to have the effect to arrest the attention of the examining purchaser, and to divert it from a clause so imperfectly and obscurely inserted in the conveyance. The case of Brinkerhoff v. Olp, 35 Barb. 27, cited by plaintiff’s counsel, obviously carries the doctrine for which he contends to its utmost limit; yet, I think, it falls short of sustaining the case of the plaintiff. That case was between the parties to the contract sought to be enforced, and was far more definite in regard to the'desscription than in the mortgage in question. In the case referred to, the term employed in the contract was “his farm,” which was far more suggestive. Again, considering the question with reference to the recording act, the plaintiff’s case seems to me to be equally insufficient. Such record, to be of any practical avail, should be sufficient, at least, to put the purchaser upon inquiry in regard to an incumbrance. The clause in question is certainly too indefinite to serve any such purpose, and to hold it sufficient would, in my judgment, be to turn the recording act into a trap, and establish a rule which would be against public policy (Peck v. Mallams, 10 N. Y. 509, 524; Dey v. Dunham, 2 Johns. 182).
There was nothing in the possession or occupancy of lot 194 calculated to put Rafter upon inquiry in regard to the title of Mrs. Murphy to such lot, as such possession was consistent with the presumption of perfect title and the right to convey.
Furthermore, the clause in question does not, in my opinion, admit of a legal construction by which a lien *406 or incumbrance can be created, or declared, upen a particular parcel of land, so as to establish a preference in favor of plaintiff, as against the conveyance to Baiter, who is a purchaser for value, and chargeable with no frand, even though he had such notice of said provision in the mortgage (Maxon v. Scott, 55 N. Y. 247; Rogers v. Hosack’s Ex’ors, 18 Wend. 319 ; Third Nat. Bk. v. Blake, 73 N. Y. 260; Corn Exchange Ins. Co. v. Babcock, 42 Id. 613 ; Ballin v. Dillaye, 37 Id. 35).
In my judgment, the insertion in the mortgage of the clause referred to can have, in law or equity, no other effect than simply to create a charge upon the estate of Mrs. Murphy for any deficiency which may arise upon the sale of the premises particularly described in the mortgage, and which she purchased of the plaintiff. And such charge can only affect such property as she shall own at the time such deficiency is so ascertained. -Such, evidently, was the intention in writing such provision, and it probably never entered the mind of either party to the mortgage, or of the draughtsman thereof, that the same should become a lien or incumbrance npon any land of Mrs. Murphy other than that which she purchased of plaintiff, so as to take preference of a conveyance thereof by her to a purchaser for value and in good faith, else the other land would have been described.
It is probable that in this case Mrs. Murphy and her estate would be liable for deficiency when ascertained and enforced in due form, without the clause in question; yet the same was probably intended for greater precaution, for the law in regard to reaching the separate estate of married women has been the subject of constant discussion, as the question has arisen in one form or another, and at the date of the mortgage it was less understood than now.
In regard to costs, I perceive no substantial equity in relieving the plaintiff from its payment to the de *407 fendants, Baiter and Flynns, as they neither had any connection with the mortgage or the premises conveyed by the plaintiff to Mrs. Murphy, and have been made improper parties, and compelled to defend their titles. The complaint must be dismissed as to such defendants, with their taxable costs.
The plaintiff must have judgment of foreclosure against the other defendant, and a sale of the premises particularly described in the mortgage, and judgment for deficiency, if any, against Mrs. Murphy, with costs.*

 Compare as to effect as against the married woman or equitable mortgagor, Mears v. Kearney, 1 Abb. N. C. 303; Payne v. Wilson, 74 N. Y. 348; affirming 11 Hun, 302; Rockwell v. Hobby, 2 Sandf. Ch. 9; Burdick v. Jackson, 7 Hun, 488; 1 Washb. R. P. 505; Third Nat’l. Bank v. Blake, 73 N. Y. 260.
A notice of pendency of action which describes the property only as “all the real property of the defendant Brown, or in which she has an interest situate in Chenango county, Mew York,” is void for indefiniteness. Jaffray v. Brown, 17 Hun, 575.