## JOHN W. GARBER

### v.

## KEZIAH MYERS, ADMINISTRATRIX, ETC.

*Power of Attorney—Revocation by Death.*

The recital in a power of attorney of the specific purpose for which it was given, to wit, to collect a debt due the constituent, and with the proceeds pay an obligation of his, does not affect its character as a naked power, nor presently divest or invest an interest in the fund; and the collection of the debt by the attorney, after the death of the constituent, and the application of the proceeds to the payment of the specified obligation of deceased, does not release deceased's debtor from subsequently paying the administrator.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Tazewell County; the Hon. N. W. GREEN, Judge, presiding.

Mr. J. W. DOUGHERTY, for appellant.

Mr. B. S. Prettyman, for appellee.

Pleasants, P. J.   Appellant was to pay appellee's dece-
dent, for a lease of certain land assigned to him, $40 on Sep-
tember 1, 1887, and $150 annually thereafter for four years.
On the 22d of May, 1887, in contemplation of a trip west, the
deceased executed to John W. Dougherty a formal power of
attorney to collect this money or any other that might be due
to him, to prosecute and defend suits, and generally to attend
to any business in which he might be interested, in Tazewell
county or elsewhere.   On the 24th he borrowed of Denhart
& Company $225 on his note, signed also by G. R. Hornish,
at thirty months, with interest; and on the same day signed a
paper, witnessed by Dougherty, reciting the suretyship of
Hornish on said note, his own desire "to secure and indemnify
him against loss in case he should have to pay it," and the
indebtedness of appellant to him as above stated, and author-
izing his "agent," said Dougherty, "to collect said rents and
apply the same to the payment of said notes when due."
The lease, with the assignment thereunder written, was left
with Dougherty, and on it when offered in evidence there
appeared receipts of $40 as of August 29, 1887, and of $150
as of August 11, 1888.   Myers died intestate while on a visit
at the residence of his son, in Iowa, on the 10th of August,
1887, and letters of administration were issued to his widow,
the appellee, on the 8th of August, 1888.   Soon after, she
exhibited them to appellant, and as administratrix made
demand of what had become due for the lease assigned to
him, which he refused, claiming that he had paid it to Dough-
erty at the time specified in the receipt referred to, and deny-
ing her right to collect them if he had not.   Thereupon on
November 10, 1888, she brought this suit before a justice of
the peace, which, on appeal from his judgment, was tried by
a court without a jury, and resulted in a judgment in her
favor for $190.

The only question is, whether the payment so made to
Dougherty after the death of Myers extinguished the claim
of his estate *pro tanto*.   It involves nothing but the construc-

Garber v. Myers.

tion of these two instruments, and in our opinion there is but little room for it in either. The first was a power of attorney in the usual form, for and in the name, place and stead of the constituent, to attend to his business generally, and including specifically the collection of this indebtedness coming due from the appellant. Not being coupled with any interest in the attorney it was revoked by the death of Myers. The other also was but a naked power of attorney, though not in the usual form, and limited to the collection and application of this indebtedness. Its recital of the specific purpose for which it was given did not affect its character as a naked power in Dougherty, nor presently divest or invest any existing interest in the fund. It was a simple declaration of an intention, then entertained, not even amounting to a promise to pay a certain note out of that fund; and while the execution of the power would inure to the benefit of the surety thereon and of the holder, it was none the less to be for and on behalf of Myers and in his name, place and stead. This was not such an assignment or appropriation of the fund as would give them, or either of them, a specific lien upon it, at law or in equity. They could not have collected it rightfully in their own name or otherwise, by virtue of anything contained in that paper. Authority to do so was thereby given to Dougherty alone, on the ground of personal confidence, and as the mere agent of the giver. It also was therefore revocable at his pleasure, during life, and was revoked by his death.

This view of it, in reference to the rights of Hornish and of Denhart & Company, seems to us to be in accord with the law as now well settled. Rogers v. Hosack's Exec'r, 18 Wend. 319; Christmas v. Russell, 14 Wall. 70; Hunt v. Rosmier, 8 Wheat. 174, 201; Nevil v. Jackson, 5 Pet. 580.

We hold, then, that the two payments in question—the first of which was made nineteen days after the death of Myers—did not bind his estate nor bar the claim here made; nor is the case changed by the fact, if it be a fact, that the sum last paid was applied on the note before this suit was brought.

*Judgment affirmed.*