> An executrix and residuary legatee agreed with attorneys that if the will should be admitted to probate she would pay them one-half of the sum collected by her thereunder, less certain deductions, when she collected the same. *Held* not an equitable assignment to the attorneys, so as to authorize them to compel her to account as executrix for one-half of the fund.

In the matter of the judicial settlement of Susie Shafer, executrix of Joseph S. Babcock, deceased. Application to compel an accounting. Proceeding dismissed.

Joseph McElroy, for petitioner.
Job E. Hedges, for executrix.

THOMAS, S. The application is against an executrix to compel an accounting, and the petitioner alleges that the executrix, who is also the residuary legatee named in the will, "duly assigned one-half of her legacy and interest in said estate to" the petitioner and another person. The answer of the respondent denies having executed any assignment, but admits the execution of a paper, a copy of which is submitted, which paper the petitioner concedes to be the instrument relied upon by him as an assignment, and it is his contention that it must be treated as an "equitable assignment." This is an agreement between the respondent, as an individual, and two lawyers, one of them being the petitioner, by which the lawyers agree to prosecute a proceeding to procure the will of the decedent to be admitted to probate. In case of failure the respondent agreed to pay the costs and disbursements. In case of success the respondent was to retain out of any amount received by her the sum of $225 due by the decedent to her, and she agreed to pay to her lawyers one-half of all sums recovered or collected over and above costs and disbursements. It is further stipulated "that said compensation is to become due and payable upon the receipt by the party of the second part * * * of any sum or sums of money whatsoever, by reason of the matter of proving the said last will

and testament, and collecting and recovering the legacies of the party of the second part thereunder." The will was admitted to probate, and about $1,188 was collected, which was divided under the agreement; but it is alleged that the respondent has collected about $400 more of assets, and the purpose of the proceeding is to require a division of this. As I construe this agreement, it is not an assignment, either equitable or legal, but a mere covenant to pay from a specified fund after that fund has reached her hands. Such a covenant does not create an equitable lien upon the fund, or operate as an equitable assignment thereof. Rogers v. Hosack's Ex'rs, 18 Wend. 319; Williams v. Ingersoll, 89 N. Y. 508, 518. "Something more is necessary. There must be an application of the fund pro tanto, either by giving an order, or by transferring it otherwise in such a manner that the holder is authorized to pay the amount directly to the creditor, without the further intervention of the debtor." Thomas v. Railway Co., 139 N. Y. 163, 179, 34 N. E. 877; Wemple v. Hauenstein, 19 App. Div. 552, 46 N. Y. Supp. 288. This conclusion requires a dismissal of the proceeding. Settle order on notice.

Proceeding dismissed.