(75 App. Div. 313.)

### RANDEL v. VANDERBILT et al.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. ATTORNEY'S FEES—CONTRACT—CONSTRUCTION—RECOVERY OR SETTLEMENT OF CLAIM.

There is not a "settlement or recovery," within an agreement of a plaintiff with his retiring attorney to pay him a certain sum, in case of a settlement or recovery of the claims sued on, where the defendant in the action, not acknowledging the validity of the claim, made a certain payment merely for the purpose of terminating the litigation and disposing of the annoyance from its prosecution.

2. EQUITABLE ASSIGNMENT.
    There is no equitable assignment where a party agrees to pay his
attorney a certain amount if there is a settlement of or recovery on a
claim, though payment is to be made at the time of the settlement or
recovery, a payment first to the party being contemplated.

3. RES JUDICATA.
    The attorney for plaintiff in an action, who had retired therefrom,
after an agreement, attempting to preserve his attorney's lien, that the
plaintiff should pay him $4,500 if there was a recovery on or settle-
ment of the claim sued on, filed a verified petition in the case, referring
to the agreement as one continuing his attorney's lien, to require de-
fendants therein to pay him the $4,500, the litigation having been termi-
nated by their paying the plaintiff a certain sum, which petition was
denied on the ground that his consent for substitution of an attorney in
his place terminated his attorney's lien. *Held*, in an action by him
against the defendants for the $4,500, that the question of the termina-
tion of the attorney's lien was res judicata.

Appeal from special term, Kings county.

Action by William F. Randel against William K. Vanderbilt, and
others. From a judgment dismissing the complaint on the merits
after a trial without a jury, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

William F. Randel, for appellant.

Henry B. Anderson, for respondents.

HIRSCHBERG, J.   In the month of November, 1895, the plaintiff,
as attorney for William H. A. Brown, administrator, commenced
an action in the supreme court in the latter's behalf against the execu-
tors of the estate of Cornelius Vanderbilt and various members of
the Vanderbilt family. The ostensible object of the action was the
recovery of the sum of $2,000,000, with interest from October 1, 1853,
under a claim arising out of alleged transactions pursuant to a writ-
ten agreement executed in 1851 between Vanderbilt and Brown's in-
testate. The plaintiff continued as plaintiff's attorney in the action
until June 22, 1897, when another attorney was substituted with
his consent. Meanwhile issue had been joined, the defendants deny-
ing every material allegation of the complaint, and setting up the
statute of limitations by way of additional defense. The new attor-
ney, shortly after his appointment and substitution, entered into nego-
tiations with the defendants with a view of effecting a discontinu-
ance of the suit, and on the 18th day of December, 1897, the defend-
ants in the action paid to Brown's counsel for such discontinuance
the sum of $5,000, and received from Brown a general release, exe-
cuted both in his individual and in his representative capacity. The
present action is brought against the defendants in that suit and their
legal representatives for an adjudication declaring the plaintiff to be
the equitable owner or assignee of Brown's claim and cause of action
to the extent of $4,500, enforcing a lien therefor against the defend-
ants, and requiring them to pay the amount of such interest and lien

¶ 2. See Assignments, vol. 4, Cent. Dig. §§ 107, 109; Attorney and Client,
vol. 5, Cent. Dig. § 353.

to him. It appears that the plaintiff opposed the proposition that
another attorney should be substituted in his place, and application
was made by Brown to the supreme court to compel such substitu-
tion. This was refused, unless provision should be first made for
the plaintiff's compensation, and thereafter, viz., on June 21, 1897,
the plaintiff and his client, together with one Hartung, executed an
agreement in reference to the matter, and the substitution was given.
A copy of the agreement was served upon the attorneys for the de-
fendants in that action. The material parts of the agreement are as
follows:

"Whereas, the said Brown is indebted to each of the other parties to this
contract in various amounts, and has made agreements with them here-
tofore which have been matters of disagreement between them, and which
said several indebtednesses are, respectively, liens upon the claims of said
Brown and of the estate of said William H. Brown, deceased, against
the estate of the late Commodore Cornelius Vanderbilt, and his heirs and
legal representatives, and also liens upon the cause of action now pending
in the supreme court, First department, wherein said Brown, as administra-
tor, etc., is plaintiff, and the executors and heirs and legal representatives
of said Vanderbilt, deceased, are defendants; and whereas, it is intended
by this agreement to provide for the payment of said several indebtednesses,
and to secure the same and preserve same as such liens, it is hereby mu-
tually agreed as follows:  *   *   *   Second. The said Brown hereby agrees
to pay, and said Randel hereby agrees to receive, if paid within six months
from the date hereof, the sum of three thousand five hundred dollars, and,
if not paid within said six months, the sum of four thousand five hundred
dollars, in full settlement of said Randel's claim and said Brown's indebted-
ness for legal services and advice in connection with the said claim and
action against said Vanderbilt estate and against said defendants in said
action; and said Randel agrees to pay out of said sum or sums any and
all expenses and disbursements incurred by him as attorney for said Brown,
excepting any expenses due the said surety company from said Brown.
*   *   *   Fourth. The aforesaid payments are to be made only upon the
contingency of a settlement or recovery by the said Brown or his successors
or assigns of the claims or cause of action hereinbefore specified. Fifth.
This agreement is to be communicated to the defendants or their attorneys
in said action, and to be made a lien upon any and all moneys or settle-
ments or recoveries by any means whatever of the said Brown's claim
against the said Vanderbilt estate, heirs, or legal representatives, and to be
paid and deducted therefrom at time of such settlements or recoveries."

The court has found as a fact that the payment of $5,000 was
made for the purpose of terminating the litigation, and disposing
of the annoyance caused by its prosecution, and not as a settle-
ment of any existing or valid claim, or in acknowledgment of the
validity of the claim. It cannot be said that this finding is without
support. The plaintiff in the action was without means, and im-
mediately left the state upon receiving the money,—less than one-
tenth of 1 per cent. of his alleged claim,—and left without paying
the sums agreed upon. No proof was made upon the trial tending
to show that his claim was a valid one, and its validity is, and al-
ways has been, disputed by the defendants. The counsel selected
by him to negotiate for the discontinuance of the suit was a firm
of private counsel for the Vanderbilt family, or some of them. And
on its face the release by an impecunious plaintiff of a claim for
$2,000,000, with nearly a half century of interest added, against
defendants so notoriously solvent as the Vanderbilts, for a mere

$5,000, paid to his counsel, is more suggestive of purchased peace than of the settlement of an admittedly valid obligation. The case of Beran v. Bank, 137 N. Y. 450, 33 N. E. 593, is very similar in fact and principal to this one. There a portion of a claim in suit was formally assigned by one Duffy, the plaintiff in such suit, to secure an obligation to his debtor, and notice of the assignment was given to the defendant, the Tradesmen's National Bank. Thereafter the latter, without notice to the assignee, and without his consent or knowledge, settled with the plaintiff, and took a discontinuance. On trial of an action brought to enforce the assignment against the bank, the latter was prevented by a ruling of the trial court from proving that the payment was not made in recognition of the claim, but for the purpose of terminating the litigation. The rejection of this evidence was held to be erroneous. The assignment provided that the assignee was to be paid the assigned interest whether the plaintiff "recover from said bank or compromise" his claim. The court said (page 458, 137 N. Y., page 595, 33 N. E.):

"The assignor could not assign to another a claim which in truth had no real and valid existence. He assumed to assign part of what he alleged was a valid claim; and if that claim were acknowledged to any extent, and a payment made, or a compromise agreed upon as an extinguishment or as an accord and satisfaction of such claim, then, by the terms of the assignment, the assignee was to be entitled to a certain amount of the proceeds of such settlement. Unless there were some acknowledgment, actual or implied, of the validity of the claim, or unless there had been some payment on account and in extinguishment of an admitted indebtedness to some amount, the plaintiff made no cause of action by merely proof of the payment of money to Duffy by the bank. * * * We are therefore wholly unable to agree with the claim set forth in the court below that, if the bank did nothing but buy its peace in settling with Duffy, yet even in that event the payment by the bank, by reason of which the suit was discontinued, was a settlement within the meaning of the assignment. And, if the assignment were intended to include such a payment as within its meaning, I think it was in such case wholly ineffectual as regards the bank. The possibility that a person may thereafter choose to pay money to another to rid himself of a then existing litigation with an insolvent opponent, and not by way of acknowledgment of any real and valid·demand, is not so far the subject of an assignment by the party to whom the money may possibly be paid as to render a payment to such person wrongful after knowledge on the part of the person making the payment that such assignment had been executed."

But, even if the payment of the $5,000 is regarded as an acknowledgment of the validity of the demand, and a payment of it by way of accord and satisfaction, the plaintiff is in no better case. He insists that the agreement in question effected an equitable assignment, and that as equitable assignee he has a lien upon the cause of action and upon the money paid in settlement which is enforceable against the defendants. "The test of an equitable assignment," said the court ·in Fairbanks **v.** Sargent, 117 N. Y. 320, 330, 22 N. E. 1039, 6 L. R. A. 475, "is an inquiry whether the debtor would be justified in paying the debt, or the portion contracted about, to the person claiming to be assignee." In Thomas **v.** Railway Co., 139 N. Y. 163, 34 N. E. 877, the court said (page 179, 139 N. Y., page 881, 34 N. E.):

"It is the settled doctrine in this state 'that an agreement, either by parol or in writing, to pay a debt out of a designated fund, does not give an equitable lien upon the fund, or operate as an equitable assignment thereof.' Williams v. Ingersoll, 89 N. Y. 508, and cases cited. In Trist v. Child, 21 Wall. 441, 22 L. Ed. 623, the court, referring to this subject, said: 'But a mere agreement to pay out of such fund is not sufficient. Something more is necessary. There must be an application of the fund pro tanto, either by giving an order or by transferring it otherwise in such a manner that the holder is authorized to pay the amount directly to the creditor without the further intervention of the debtor.' "

And in the case of Williams v. Ingersoll, 89 N. Y. 508, cited in the decision just considered, Earl, J., said, at page 518:

"Nor can the plaintiffs base their claim to an equitable lien upon the award upon the mere promise of Heath that they should be paid out of any money that should be recovered in any of the actions or proceedings. Whatever the law may be elsewhere, it must be regarded as the settled law of this state that an agreement, either by parol or in writing, to pay a debt out of a designated fund, does not give an equitable lien upon the fund, or operate as an equitable assignment thereof. It was so decided in Rogers v. Hosack's Ex'rs, 18 Wend. 319. That case was followed, and the same rule laid down, in Christmas v. Russell, 14 Wall. 69, 20 L. Ed. 762, and Trist v. Child, 21 Wall. 441, 22 L. Ed. 623."

It is true that the court held that in that case there was an equitable assignment, but the finding was based upon the fact that the entire fund was payable to the assignee in the first instance, and they were to retain therefrom the amount to which they were entitled. The court said (89 N. Y. 521):

"The agreement was not alone that the plaintiffs should be paid out of any sum recovered. Such an agreement, as I have above shown, would not have been sufficient to give the plaintiffs any claim upon the award. But there was also proof tending to show that it was the intention to assign to the plaintiffs, or to give them a lien upon any sum recovered, and that plaintiffs were to receive the sum recovered, and retain out of it their compensation, and to pay the balance, if any, to Heath."

In Fairbanks v. Sargent, supra, reported on the first appeal in 104 N. Y. 108, 9 N. E. 870, 58 Am. Rep. 490, and cited by the appellant, the same distinction is manifested. Chief Judge Ruger said at page 117:

"It is also important to notice that this contract does not contain a provision by Underwood to pay plaintiff from the fund produced or otherwise, but is an engagement that plaintiff shall have one-third of the proceeds of the collections in specie, or in such form as they shall be received from the debtor."

And in Deering v. Schreyer, 58 App. Div. 322, 68 N. Y. Supp. 1015, affirmed in 171 N. Y. 451, 64 N. E. 179, the amount to which the plaintiff was to be entitled from the recovery was expressly assigned to him by the terms of the agreement.

Applying the logic of these decisions to this case, it is plain that there was no equitable assignment. The engagement of Brown was in express terms to pay Randel a specific sum in the contingency of a settlement or recovery of or on account of the litigated claim. True, it was to be paid at the time of the settlement or recovery, but the contract was similar in both particulars in Beran v. Bank, supra, and the court held that the agreement contemplated a pay-

ment first to the assignor, and that the bank was fully protected in such payment, notwithstanding the receipt of notice of the assignment.

Nor can the plaintiff recover herein upon his attorney's lien. The manifest object of the agreement was to "preserve" such lien, and the plaintiff doubtless supposed it would have that effect, and that his lien as attorney would, by virtue of its provisions, survive the contemplated substitution. As the agreement permitted and justified payment by the defendants directly to his client, the lien referred to in the fifth clause must be assumed to be the lien referred to in the recitals, viz., the attorney's lien upon the claim or cause of action and upon the moneys, settlements, or recoveries thereon. The intention was to preserve an existing lien, rather than to create a new one. This was certainly the plaintiff's understanding, for after the settlement he applied to the supreme court, upon notice to the defendants, for an order requiring them to pay to him the sum of $4,500 as the amount of his lien upon the settlement and proceeds, in a verified petition, in which he referred to the agreement as one which continued his attorney's lien. His application was denied upon the ground that the consent for substitution terminated his attorney's lien. No appeal was taken from this decision, and it must be regarded as having the force of an adjudication as between the parties to this action. Williams v. Barkley, 165 N. Y. 48, 54, 58 N. E. 765. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.