In re LEXINGTON AVE.

DEERING v. SCHREYER.

(Supreme Court, Appellate Division, First Department. November 25, 1898.)

1. COSTS—DISMISSAL OF PROCEEDING ON APPEAL. .
Where the appellate division reverses an order in special proceedings, and dismisses the proceedings, with costs, costs in the court below cannot be taxed.

2. SAME—APPEALS FROM ORDERS—CASE-MADE.
Under Code Civ. Proc. § 1315, requiring one appealing from an order to file certified copies of the papers on which the order was founded, and section 1353, requiring such appeal to be heard thereon, costs cannot be taxed as on a case-made, on appeal from an order.

Appeal from special term, New York county.

In proceedings for the opening of Lexington avenue, an order allowing James A. Deering, attorney for John Schreyer, an interested property owner, fees from the award granted said Schreyer, was reversed by the appellate division (52 N. Y. Supp. 203), and the clerk taxed costs on appeal as on a case-made, and refused to tax the costs for the proceeding in the court below. Petitioner and respondent both moved for a retaxation, which was denied, and they appeal. Affirmed as to respondent, and reversed as to petitioner.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

C. L. Barber, for petitioner.
A. Thain, for respondent.

VAN BRUNT, P. J. The petitioner acted as attorney for the respondent appellant, John Schreyer, in proceedings for the extension of Lexington avenue through lands, among others, owned by said Schreyer. The petitioner applied to the court for an order that he be paid the amount of compensation agreed upon, out of an award made for the property of said Schreyer. A reference was ordered to hear and report. On the coming in of the report, an order was made directing the payment to the petitioner of the sum agreed upon out of the fund in court, with costs. Upon appeal to the appellate

division this order was reversed (52 N. Y. Supp. 203), with costs and disbursements to be taxed, upon the ground that the court below was without jurisdiction; and an order was entered thereupon, reversing the order of the court below, with costs and disbursements to be taxed, and further ordering that the proceedings be dismissed. The said Schreyer thereupon presented the bill of costs for taxation to the clerk as in an action, claiming the costs of an action in the proceedings in the court below, and also the costs of the appeal. The clerk declined to tax the costs for the proceeding in the court below, and taxed the costs upon the appeal, allowing costs and disbursements as upon a case-made. A motion was made upon the part of Schreyer for a retaxation of these costs, and a motion was also made upon the part of the petitioner for a retaxation. These motions were denied, and an order was entered, from which both parties appeal.

It seems to be clear that the clerk was right in refusing to tax costs in the proceeding in the court below, because no such costs have been allowed by any adjudication in any court. The order as entered simply dismissed the proceeding. There was no allowance of costs, and hence there was no authority for the clerk to tax any. Costs upon the appeal were allowed by the order of the appellate division, and such costs were properly taxed; but the disbursements in respect to a case were clearly improper, because such an appeal is not heard upon a case, but upon copies of the papers used in the court below, which are certified to it by the clerk of that court, unless the parties stipulate as to the correctness of such copies. Therefore the items for the making and serving a case of more than 50 folios, and the disbursements for stenographer's minutes for case, were clearly improper, and should not have been allowed.

The papers before us seem to show that the appeal was argued upon the first term that it was upon the calendar of the appellate division; hence there was no ground for the taxation of term fees.

We think, therefore, that the order appealed from so far as it denies the motion of Schreyer for a retaxation should be affirmed, and, so far as it denied the motion of the petitioner for retaxation it should be reversed, and the costs should be retaxed in the manner hereinabove indicated, without costs to either party. All concur.