DEUTERMANN et al. v. POLLOCK et al.

(Supreme Court, Appellate Division, Second Department. March 14, 1899.)

CASE ON APPEAL—RESETTLEMENT.

     A judge, in his order resettling the case on appeal, should recite therein minutes of a party's private stenographer as part of the motion papers, such being the fact.

Appeal from special term, Westchester county.

Action by Charles Deutermann and others, executors, against Alexander Pollock and another. From an order of October 14, 1898, denying plaintiffs' motion to resettle a former order resettling the case on appeal, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Eugene Frayer, for appellants.
Wilson Brown, Jr., for respondents.

PER CURIAM. An order was made in this cause on the 23d day of July, 1898, resettling the case on appeal. The plaintiffs had moved for a resettlement of the case upon an order to show cause which recited that it was made upon an affidavit of one Frank F. Wood "and those portions of the stenographer's minutes taken upon the

trial by said Wood" applicable to certain amendments thereinafter specified. In resettling the case on appeal, the learned trial judge refused to follow the notes of this private stenographer, holding that the notes of the official stenographer are the only standard, aside from the memory of the trial judge. This clearly appears from his opinion. In his order resettling the case, however, no reference was made to the fact that Mr. Wood's minutes were before him, and the plaintiff's grievance on the present appeal is that the judge declined to amend said order so as to recite those minutes as part of the motion papers. We think that they should have been recited. The opinion of Mr. Justice Dykman shows beyond any doubt that they were brought to his attention, for he expressly refers to "the request of counsel for the plaintiff to substitute the notes of his private stenographer for those of the official stenographer," and says that such request cannot prevail, for obvious reasons. As already stated, these minutes were mentioned in the order to show cause as among the papers upon which the plaintiffs based their motion. Upon the hearing, counsel for defendants appears to have objected to the consideration of certain exhibits by the court on the ground that such exhibits had not been served upon him. It is not distinctly shown, however, that this objection extended to the minutes taken by Mr. Wood. The position of defendants' counsel seems rather to have been that it made no difference what those minutes contained, as the court must be guided by the official minutes alone; and in this position he was sustained by Mr. Justice Dykman.

The order appealed from must be reversed, with $10 costs and disbursements, and the plaintiffs' motion to resettle the order of July 23, 1898, granted, by inserting in said order a proper recital of Mr. Wood's minutes as among the plaintiffs' papers.