cessity for the production of the deeds to the tenant. The plaintiff established a clear right to recover. Judgment reversed, and a new trial granted; costs to abide the event.

CUNNINGHAM, Appellant, v. NASSAU ELECTRIC R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 2, 1899.) Action by Kate Cunningham against the Nassau Electric Railroad Company. No opinion. Motion denied.

In re DALSACE et al. (Supreme Court, Appellate Term. June 28. 1899.) In the matter of the application of F. Dalsace and others, judgment creditors, for the examination of Martin Cassidy, judgment debtor, in proceedings supplementary to execution. Orders requiring the judgment debtor to submit to an examination, and adjudging him in contempt for not appearing for examination, were affirmed by the general term, and he appealed. Motions are made to dismiss the appeal from each order. Granted. Blumenstiel & Hirsch, for judgment creditors. Frank J. McBarron, for judgment debtor.

PER CURIAM. The judgment debtor having complied with the requirements of the orders appealed from, and submitted to an examination, the motion to dismiss the appeals from said orders should be granted, with $10 costs of motion in one case only. Motions to dismiss appeals granted, with $10 in one case. All concur.

DEERING, Respondent, v. SCHREYER et al., Appellants. (Supreme Court, Appellate Division, First Department. May 19, 1899.) Action by James A. Deering against John Schreyer, impleaded with others. A. Thain, for appellants. G. L. Barber, for respondent. No opinion. Judgment affirmed, with costs. See 58 N. Y. Supp. 485.

DE HIERAPOLIS, Appellant, v. WEBBER, Respondent. (Supreme Court. Appellate Term. May 24, 1899.) Action by George S. De Hierapolis against William G. Webber. From a judgment for defendant, plaintiff appeals. Affirmed. Denis A. Spellissy, for appellant. Edward J. Krug, Jr., for respondent.

FREEDMAN, P. J. This action was brought to recover the sum of $99.75, alleged to be a balance due the plaintiff under the terms of a contract to furnish brass railings for buildings erected by the defendant. The facts, so far as they are uncontradicted, are substantially as follows: In August, 1898, one James C. Levy made a contract with the defendant, under which a quantity of railings were put upon buildings then in course of erection by the defendant. On November 12, 1898, the defendant paid Levy $50, to apply in payment for the railings so furnished. On November 19, 1898, the defendant, who up to that time supposed that Levy had contracted on his individual account, was informed that Levy and the plaintiff were partners doing business under the name of the Metropolitan Brass-Foundry Company. The defendant on that day made his check, payable to the order of the Metropolitan Brass-Foundry Company, for the sum of $350, and delivered it to

Levy, to apply in payment of the contract price of the railings. This check, it appears, was subsequently indorsed and cashed by Levy, and at least the sum of $300 thereof paid to plaintiff. Subsequently the defendant paid to the plaintiff an amount which, including the $50 payment made to Levy on November 12, and the $350 check of November 19, 1898, and a small discount allowed by the plaintiff, equaled the amount due under the contract. The plaintiff, claiming that he never received the payment of November 12, 1898, and only $300 of the check of November 19, 1898, brought this action. There was conflict of testimony as to whether Levy was in partnership with plaintiff, and as to whether, if not a partner, he was authorized to represent the plaintiff in matters pertaining to the Metropolitan Brass-Foundry Company, and to receive payments for and on behalf of the plaintiff; and upon these questions the trial judge found in favor of the defendant. It does not appear that such finding was against the weight of evidence, or that injustice has been done. The judgment must therefore be affirmed. Judgment affirmed, with costs to respondent. All concur.

DEUTERMANN et al., Appellants, v. POLLOCK et al., Respondents. (Supreme Court, Appellate Division, Second Department. May 8, 1899.) Action by Charles Deutermann and others, as executors, etc., against Alexander Pollock and another.

PER CURIAM. We do not understand that Mr. Justice DYKMAN refused to consider the minutes taken by the private stenographer of the plaintiffs, but that he chose to adopt the official minutes as the correct statement of what occurred upon the trial. Order denying motion for resettlement of case affirmed, without costs. See 56 N. Y. Supp. 634.

DEVINE v. METROPOLITAN ST. RY. CO. (City Court of New York, General Term. May 26, 1899.) Action by James Devine against the Metropolitan Street-Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial made on the judge's minutes, defendant appeals. Affirmed. Henry A. Robinson, for appellant. Hays, Greenbaum & Hershfield, for respondent.

PER CURIAM. Judgment and order appealed from affirmed, with costs.

DOLAN, Respondent, v. MOLLOY, Appellant. (Supreme Court, Appellate Division, Second Department. May 2, 1899.) Action by Henry J. Dolan against Frank W. Molloy. No opinion. Judgment and order affirmed, with costs.

In re DOLGEVILLE ELECTRIC LIGHT & POWER CO. (Supreme Court, Appellate Division, Fourth Department. May 31, 1899.) In the matter of the application for a voluntary dissolution of the Dolgeville Electric Light & Power Company; Commercial Bank, a creditor, appellant, William A. Armstrong, and others, petitioning directors, respondents. No opinion. Orders affirmed, with $10 costs and disbursements.