In the Matter of the BOARD OF STREET OPENING AND IMPROVEMENT OF THE CITY OF NEW YORK, for and on behalf of THE MAYOR, ALDERMEN AND COMMONALTY of the Said City, Relative to the Opening of LEXINGTON AVENUE, between Ninety-seventh and One Hundred and Second Streets, in the City of New York.

JOHN SCHREYER, Appellant; JAMES A. DEERING, Respondent.
(No. 1.)

*Attorney and client — an attorney for a party who has obtained an award in a street opening proceeding cannot have his compensation determined on a summary application — Code Civ. Proc. § 66, relating to attorneys' liens, does not apply — remedy of the attorney.*

An attorney who has rendered services to an owner of property, taken in a proceeding for the opening of an avenue in the city of New York, in obtaining an award for the land so taken, is not entitled to have his claim for compensation, under an agreement with the owner, by which he was to receive "a sum equal to 50% of whatever sum should be allowed or confirmed on account of the said loss and damage," determined upon a summary application by a petition entitled in the street opening proceeding, and to have the amount thereof fixed upon a reference and paid over to him under an order of the court by the city comptroller, as the award made for the land is not in court nor subject to the order of the court, but, under the statute, constitutes a debt upon

the part of the city to the owner, the payment of which may be enforced by action.

Section 66 of the Code of Civil Procedure, giving to an attorney who appears for a party in an action a lien on his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof, does not apply to a special proceeding.

*Semble*, that the attorney could maintain an action in equity against the city and owner to liquidate his demand and to secure to him the payment of his share of the award made by the city.

The case where the court has, on the application of the client, ordered a fund in court, which is subject to an attorney's lien, to be paid over, distinguished.

APPEAL by John Schreyer from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of October, 1896, overruling his exceptions to the report of a referee, and confirming said report, except from so much thereof as directs that the mayor, aldermen and commonalty of the city of New York are entitled to be paid an amount due for unpaid taxes and assessments on land taken for the opening of Lexington avenue, and directs the payment of taxes and assessments thereon.

The referee found, in substance, as conclusions of law, that the petitioner, having rendered professional services as an attorney at law upon the request and employment of said Schreyer which resulted in the allowance to the appellant Schreyer of the sum of $22,500, for lands taken for the opening of Lexington avenue, is entitled to and has a lien upon the said award to the extent of the amount of $11,250, with interest; that the mayor, etc., of the city of New York are entitled to be paid out of the said award the amount due for taxes; that the chamberlain of the city of New York pay the petitioner the said amount found due, with interest, amounting to $12,650.62, from and out of the fund deposited with said chamberlain by the comptroller of the city of New York, and that the petitioner receive his costs and disbursements of this proceeding against the said Schreyer, the same to be taxed by the clerk of the court in the same manner as actions.

*Alex. Thain*, for the appellant.

*Clarence L. Barber*, for the respondent.

INGRAHAM, J.:

The petitioner, James A. Deering, presented a petition to this court entitled "In the Matter of the Board of Street Opening and Improvement of the City of New York, for and on behalf of the Mayor, Aldermen and Commonalty of the Said City, Relative to the Opening of Lexington Avenue, between 97th and 102nd Streets, in the City of New York." In that petition it is alleged that these proceedings were commenced to acquire title to the lands required for the opening of Lexington avenue, and that commissioners were appointed; that one John Schreyer, who was the owner of property taken for such street opening, employed the petitioner to take such proceedings as might seem advisable towards obtaining compensation for the loss and damage sustained by him for lands taken, and agreed to pay the said petitioner "a sum equal to 50% of whatever sum should be allowed or confirmed on account of the said loss and damage," and that an award was made for the land so taken that had been owned by the said Schreyer, of the sum of $22,500, which award was confirmed; that the sum of $22,500 remained in the hands of the comptroller of the city of New York; that the petitioner had filed with the comptroller notice of lien as attorney at law of the said Schreyer for the amount due to said petitioner; that the said Schreyer refused to pay the amount due as claimed by said petitioner, and that the mayor, aldermen and commonalty of the city of New York had certain liens for unpaid taxes and assessments. The petitioner prayed that an order be made referring it to a referee, to determine the claim of said petitioner for services rendered to the said Schreyer, and that the said sum of $11,250 be determined and adjudicated and the same be declared to be a lien upon the said award, and that said petitioner be adjudged to be entitled to be paid that sum out of the said award by the comptroller of the city of New York. To this petition Schreyer filed an answer, in the 2d clause of which he takes the following objection: "That the award made in the above-entitled proceeding was in a special proceeding, and not in an action, and he denies the jurisdiction of this court in this proceeding to adjudge that he, said John Schreyer, shall pay to said James A. Deering any sum whatever, or to adjudge that the said Deering has any lien upon said award." Upon the presentation of this petition and answer, the court made

an order appointing a referee to take proof of the facts stated in the petition and to ascertain and report as to what extent the said Schreyer was indebted to the petitioner for services rendered, and to what extent, if any, Mr. Deering was entitled by assignment to any portion thereof or to a lien therefor upon the said award; and directing that the said referee report as to what taxes and assessments are due and payable out of the sums to the mayor, etc., of the city of New York; and until the coming in of the referee's report, that the award be retained by the comptroller of the city of New York. Subsequently, an order was made to pay out of that award the sum of $7,500 to a person holding a mortgage upon the said real property, and further, that the sum of $2,628.99 be paid to the comptroller of the city of New York for the claim of the city for taxes and assessments; and that the balance of the said fund be brought into court to abide the proceedings before the said referee. Upon the matter coming on for hearing before the referee, the counsel for Schreyer objected to an inquiry into any matter before the referee save as to the taxes, on the ground that the claim of Deering should be determined in an action and not in a special proceeding upon a reference. This objection was overruled and the defendant excepted.

We think this objection taken by the counsel for Schreyer in the answer should have been sustained, and that the court had no power to direct that this amount due from the city of New York, and which stood in place of the real estate of the appellant which had been condemned and taken by the city in these proceedings, should be paid to the petitioner. It appeared from the petition that the report of the commissioners allowed to Schreyer as the owner of the property taken under these proceedings the sum of $22,500, and that said report was on June 1, 1894, duly confirmed. This special proceeding, having for its object the condemnation of this property to be acquired for the opening of Lexington avenue, was terminated by the entry of the final order, and all lands and property embraced within the limits of the avenue opened became vested in the city, and this award stood in place thereof, the city being bound to pay that award to Schreyer within four calendar months after the confirmation of the commissioners' report. In case of their failure to make such payment, Schreyer was entitled to maintain an action

against the city to recover the same. by judgment. That money which had been awarded for the land taken was not in court nor subject to the order of the court. The city had become the debtor of Schreyer for that sum of money, and Schreyer was liable to the petitioner for the amount of compensation which it was agreed he should receive for the services he had rendered, but the court had no power to compel the payment by the city of this sum of money by a summary proceeding, either to Schreyer or the petitioner, Schreyer having a right of action under the statute against the city to recover it. When the proceedings were commenced the court was without jurisdiction in the special proceeding to direct the city to pay either Schreyer or the petitioner the amount of this award. It is unnecessary for us to determine whether or not the petitioner had a lien upon this fund for the amount of his compensation. Section 66 of the Code does not apply. It is therein provided " from the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment." The lien given by this section appears to apply only to causes of action to enforce which an action had been commenced or to recover which an answer containing a counterclaim had been served. The distinction between actions and special proceedings is recognized all through the Code. Irrespective of the Code an attorney had a lien at common law. The nature of such a lien is stated in *Goodrich* v. *McDonald* (112 N. Y. 162) as follows: " Attorneys have two kinds of liens peculiar to them in their relations with their clients. One is a lien which an attorney has upon all the papers of his client in his possession, by virtue of which he may retain all such papers until his claim for services has been discharged. That in the books is called a retaining lien. An attorney also has a lien upon the fund or judgment which he has recovered for his compensation as attorney in recovering the fund or judgment, and that is denominated a charging lien." The court then states the methods by which this lien could be enforced, and says: " If the fund recovered was in possession or under the control of

the court, it would not allow the client to obtain it until he had paid his attorney, and in administering the fund it would see that the attorney was protected. If the thing recovered was in a judgment, and notice of the attorney's claim had been given, the court would not allow the judgment to be paid to the prejudice of the attorney. If paid after such notice in disregard of his rights, the court would, upon motion, set aside a discharge of the judgment and allow the attorney to enforce the judgment by its process so far as was needful for his protection. But after a very careful search we have been unable to find any case where an attorney has been permitted to enforce his lien upon a judgment for his services by an equitable action, or where he has been permitted to follow the proceeds of a judgment after payment of them to his client. His lien is upon the judgment, and the courts will enforce that through the control it has of the judgment and its own records, and by means of its own process which may be employed to enforce the judgment. But after the money recovered has been paid to his client he has no lien upon that, and much less a lien upon property purchased with that money and transferred to an other." When these proceedings were commenced there was no fund in the possession or under the control of the court. There simply existed a debt of the city of New York to Schreyer, and he was entitled to recover it by a civil action or proceeding. Upon the express objection of Schreyer that the court could not entertain such a proceeding to enforce the right of this petitioner as against Schreyer, we think it was the duty of the court to dismiss the proceeding; and Schreyer having upon the commencement of the reference taken this objection, and insisted upon his right to have this proceeding dismissed, nothing that subsequently happened was a waiver of this objection seasonably taken and insisted upon.

If the attorney's agreement with Schreyer gave him a lien upon the city's obligation, or constituted him an equitable assignee thereof, to the extent of fifty per cent, he could have maintained a proper action in equity against the city and Schreyer to liquidate his demand and to secure the payment to him of his share of the sum due by the city. The court, however, had no jurisdiction in a summary way to determine the amount of the indebtedness of Schreyer to the petitioner, and to award the petitioner judgment against

Schreyer for the amount that was due to the petitioner under his retainer.   Schreyer had a right to have that question determined by the methods prescribed by law ; and while the court could have protected the rights of the attorney by such an action as we have suggested, it had no jurisdiction to determine the amount of Schreyer's obligation to the petitioner in such a proceeding as was instituted.

The cases cited by the respondent, where the court has proceeded in a summary way to determine the compensation due to an attorney for services rendered to a client where the client has moved for a substitution of attorneys, or where an application has been made to the court to compel an attorney to deliver up to a client the papers in the attorney's possession, or where there is a fund in court which a client has moved shall be paid to him and which is subject to the lien of the attorney, do not apply, for in these cases the client asked the court for an order against the attorney, and the court there has power to determine, in a summary way, the conditions upon which such relief shall be granted.   There the client, himself, submits to the jurisdiction of the court; and as part of the relief demanded, the amount of the attorney's lien is to be determined. We know of no case in which the court has entertained such a proceeding summarily to require a client to pay to an attorney the amount that the attorney claims is due to him from his client for services rendered.

We think, therefore, that the order appealed from should be reversed and the proceedings dismissed, with costs.

BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Order reversed and proceedings dismissed, with costs.