(27 Misc. Rep. 237.)

### DEERING v. SCHREYER et al.

(Supreme Court, Special Term, New York County. April, 1899.)

1. ATTORNEY AND CLIENT—ACTION FOR FEES—DEFENSES.

It is no defense to an action for attorney's fees that plaintiff, while acting as attorney for defendant, was also acting for another, who was interested generally in obtaining the same kind of relief as defendant, since the fact that a lawyer has two clients is no reason why one should not pay what he agrees to.

2. SAME.

It is no defense to an action for attorney's fees that defendant was induced to sign the agreement to pay the fees on the advice of his then attorney, who was led to give the advice by plaintiff, where defendant does not allege that he was injured thereby.

3. SAME—COUNTERCLAIMS.

A counterclaim, in an action for attorney's fees, based on the fact that plaintiff had taken proceedings to secure his claim, which had prevented defendant from collecting certain money, cannot be sustained, since the

mere fact that a person is injured because another brings legal proceedings against him will not give the former a cause of action against the latter.

Action by James A. Deering against John S. Schreyer and others. Demurrer by plaintiff to several portions of the amended answer of defendant Schreyer. Sustained.

Veeder Van Dyck, for plaintiff.

Alexander Thain, for defendant Schreyer.

TRUAX, J. This is a demurrer to several portions of the amended answer of the defendant Schreyer. The gist of the separate defense set up in paragraph ·11 of the answer, to which separate defense plaintiff demurs on the ground that it is insufficient upon the face thereof, in that the facts therein alleged do not constitute a defense to the amended complaint, is that the plaintiff, while acting as the attorney for the defendant Schreyer, was also acting for another person, who was interested generally in obtaining the same kind of relief that the defendant Schreyer was interested in obtaining. This fact does not constitute a defense. A lawyer has a right to have more than one client, and the fact that he has two clients is no reason why a client should not pay what he has promised in writing to pay.

The plaintiff alleges in his complaint, among other things, that the defendant, in writing, agreed to pay the plaintiff a certain sum for rendering certain services. In the defense set up in paragraph 12 of said defendant's answer the said defendant alleges that he was induced to sign the above agreement upon the advice of his then attorney, and that the attorney was induced to give the advice by plaintiff's promise to give him (the attorney) one-fifth of his (the plaintiff's) fee. This fact, particularly in view of the fact that the said defendant does not allege that he was injured by the action of the plaintiff and of the former attorney of the defendant, does not constitute a defense to plaintiff's cause of action, or any part thereof. Plaintiff and the former attorney of the defendant had the legal right to make the agreement which the defendant says they did make.

In paragraph 14 of the answer the said defendant sets up certain facts which he pleads as a counterclaim. The substance of the counterclaim is that the plaintiff has filed a lien and taken proceedings which have prevented said defendant from collecting a certain sum of money from the city of New York, and by reason of such proceedings the defendant has lost interest on said sum to the amount of $5,000. The mere fact that one person is injured because another person begins legal proceedings against him is not of itself sufficient to give the injured person a cause of action against the person who brings the proceedings. Biershenk v. Stokes (Com. Pl.) 18 N. Y. Supp. 854; Smith v. Smith, 26 Hun, 573. These remarks also apply to the counterclaim alleged in paragraph 15 of the answer. The demurrer is sustained, with costs, with leave to the defendant to answer anew on payment of such costs.

Demurrer sustained, with costs, with leave to answer anew on payment of costs.