DEERING v. SCHREYER et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

1. ATTORNEY AND CLIENT—EMPLOYMENT—WRITTEN CONTRACT—TERMS—PAROL EVIDENCE—ADMISSIBILITY.

Defendant employed plaintiff as his attorney to recover damages for certain property taken by the city of New York in condemnation pro-ceedings, and executed a written contract assigning and agreeing to pay plaintiff 50 per cent. of whatever sum should be allowed, recovered, or confirmed on account of the condemnation. Defendant admitted that he signed the agreement, but contended that it was executed to be shown by plaintiff to prospective clients, and that the real agreement was for a commission of 33⅓ per cent. *Held*, that the agreement must be determined from the writing itself, and that parol evidence was not admissible to prove defendant's contention.

2. SAME—CONSTRUCTION OF CONTRACT.

Defendant employed plaintiff as his attorney to recover damages for certain property which had been taken by condemnation proceedings, and executed a written contract assigning and agreeing to pay plaintiff 50 per cent. of whatever sum should be allowed, recovered, or confirmed on account of defendant's loss. There was a mortgage of $6,000 on the property, and some unpaid taxes against it; and plaintiff, after ex-tensive litigation, recovered an award of $22,500. *Held*, that plaintiff was entitled to one-half of the award, without any reduction on account of the mortgage and tax liens, since to allow such reduction would in-troduce new terms into the agreement.

**8. SAME—AWARD OF COMMISSIONERS—ATTORNEYS' LIENS—EQUITABLE ASSIGNMENT.**

    Where defendant agreed in writing to pay plaintiff 50 per cent. of whatever might be recovered for the taking of defendant's property under condemnation proceedings, the question whether an attorney can have a lien for his services on an award in condemnation proceedings was immaterial, since the agreement amounted to an equitable assignment of one-half of the award, which was sufficient in itself to sustain a lien.

    McLaughlin and Patterson, JJ., dissenting.

Appeal from special term, New York county.

Action by James A. Deering against John Schreyer and William J. Fields, impleaded with the city of New York. From a judgment in favor of plaintiff, defendants Schreyer and Fields appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Alex. Thain, for appellants.

Clarence L. Barber, for respondent.

O'BRIEN, J. This is a suit in equity, brought to recover $11,250, alleged to be due for legal services according to the terms of a written agreement, whereby payment was made contingent upon the granting of an award for lands taken by the city. The agreement is as follows:

    "In re Opening Lexington Ave. between 92nd and 102nd Streets.

                                         "New York, Oct. 19, 1890.

    "I do hereby retain and employ James A. Deering, attorney and counselor at law, to take such proceedings as to him seem advisable towards obtaining compensation for the loss and damage sustained or which may be sustained by me for land taken or otherwise by reason of the opening of Lexington avenue in the city of New York by the city of New York; and, in consideration of his professional services, do hereby promise, assign, and agree to pay to the said Deering a sum equal to fifty per cent. of whatever sum shall be allowed, recovered, or confirmed on account of said loss and damage. It being agreed and understood that, in case of no recovery or allowance, the said Deering shall receive nothing.                           John Schreyer."

    The defendant Schreyer admits that he retained the plaintiff as his attorney on October 13, 1890, and that he signed such agreement as is set forth; but alleges that the actual agreement was that he should pay the plaintiff between 25 and 33⅓ per cent., and not 50 per cent.; and he further resists the recovery sought by claiming that an action in equity will not lie, and that, in any event, the agreement made contemplated a division of a possible award after payment of taxes and an outstanding mortgage. Schreyer acquired title in 1884 to certain lands, subject to a mortgage of $6,000, which lands were thereafter taken by the city by virtue of chapter 409 of the Laws of 1881, providing for the extension of Lexington avenue. In 1885 his claim for damages was presented to the commissioners, with the result that four dollars was awarded him. In 1888 other counsel made application for a new hearing, which was denied; and in 1890 an order was entered by which the award of four dollars was confirmed. Thereupon Schreyer made his agreement with Deering, and, after considerable litigation, including an appeal to the court of appeals, an order

was entered in 1892 vacating the award of $4, and appointing new commissioners, who, in 1894, filed a report awarding Schreyer $22,500, which report was confirmed by order entered June 1, 1894. In August, 1894, the plaintiff filed with the comptroller a notice of his lien upon the award under the written agreement, and, the same not having been paid, filed a petition asking for an order directing payment out of the fund. An order was so entered on October 5, 1896, and the chamberlain, in pursuance thereof, paid to the plaintiff $12,559.85, which had been placed in his possession, and the comptroller paid him $46.20, his balance after taxes and the outstanding mortgage were paid. This order, however, was reversed by the appellate division (In re Lexington Ave., 30 App. Div. 602, 52 N. Y. Supp. 203), and the court of appeals sustained the reversal (157 N. Y. 678, 51 N. E. 1092), and the plaintiff paid back the money he had received, and at the same time filed a notice that he had not waived his claim to the fund. Then the plaintiff began this action in equity, asking for judgment against Schreyer for $11,250, or one-half of the award, the enforcement of his lien, and a deficiency judgment.

Upon the trial it was contended, as on this appeal, that, even if the written agreement be upheld, the plaintiff's claim must be reduced by one-half of the sum paid out of the award to the mortgagee, and by one-half of the amount paid to the city for taxes and assessments. In this connection it appears that on August 2, 1894,—immediately prior to the payment by the chamberlain and the comptroller to the plaintiff,—an order was entered upon the application of Schreyer and Fields (the mortgagee), under which the comptroller paid over to Fields out of the fund the sum of $7,500, and retained the sum of $2,623.99 as security of the city for unpaid taxes and assessments, which were thereafter fixed at $2,517.19. The special term held that the defendant Schreyer was indebted to the plaintiff in the sum of $11,250, together with interest thereon from the date of the order confirming the award, less interest upon the sums held temporarily by the plaintiff, and for costs and an extra allowance; making in all $14,808.97. The judgment directed that the chamberlain pay to the plaintiff the amount in his hands, namely, $12,936.10; that the city pay to him the further sum of $49.29, the balance of the fund remaining; and that the plaintiff have execution against the defendant Schreyer for $1,822.58. The appellants contend that "the finding that the agreement was as claimed by the plaintiff is against the evidence." The defendant admits that he signed the written agreement, and there was sufficient evidence to support the conclusion reached by the trial judge adverse to there being an oral agreement. After an examination of the record, we think the rights of the parties are dependent upon the interpretation and force to be given to the written agreement which Schreyer admitted that he signed on October 13, 1890. Undoubtedly, there were prior negotiations leading up to the final employment of the plaintiff, which, it is conceded, dates from October 13, 1890; but these presumptively culminated in the written agreement, and there is no proof of fraud or duress. Schreyer's claim is that he signed the agreement to enable Deering to show it to prospective clients, but with the understanding that he was actually to be

charged only 33⅓ per cent. Giving Schreyer the benefit of his testimony, and assuming that it was competent, we think we should not be justified in looking outside the written agreement in passing upon the rights of the parties. As to its terms, it will be seen that Schreyer agreed to "pay to the said Deering a sum equal to fifty per cent. of whatever sum shall be allowed, recovered, or confirmed on account of said loss and damage." For such loss and damage the commissioners allowed the sum of $22,500, and this award was confirmed. It is true that the mortgagee and the city might levy upon such sum by virtue of their claims arising respectively from the mortgage and from unpaid taxes and assessments, and it might be that such claims would wipe out the sum allowed and confirmed, in which case the plaintiff would be entitled only to a personal judgment for the amount agreed by the defendant to be paid for his services. In such event, it cannot be said that he would be entitled to nothing. If, on the other hand, the defendant had paid the mortgage, and had paid the taxes as they accrued, then the award would have been untouched by such claims; yet, under the agreement, the plaintiff would have been entitled to one-half of it. Surely, the defendant may not gain by his default in mortgage and taxes. By means of the plaintiff's services and efforts, the defendant's assets to pay the claims have been raised from $4 to $11,250; and, if he had promptly paid from his half of the award the claims of the mortgagee and the city, he would have a surplus now, instead of a deficit, and the plaintiff would not have had to resort at all to a deficiency judgment. It is contended that because Schreyer was not personally liable on the bond, and did not owe the mortgage debt, he should not be obliged to pay it out of the fund. Fields, however, testified that he had loaned at least $3,000 to Schreyer, and that the mortgage was assigned to him to secure the money due. To this extent the payment of the mortgage was the payment of a personal obligation of Schreyer's; and it can make no difference whether Schreyer's part of the award went into his bank account, or went to pay his personal obligations. The written agreement, however, is silent on the subject of incumbrances, and by the commissioner's report the award of the full amount was made to Schreyer, and was not made subject to any mortgage lien. What the plaintiff was to receive was 50 per cent. of the sum "allowed, recovered, or confirmed on account of said loss and damage." And to say that such amount was subject to be diminished by a mortgage and taxes is to inject new and additional terms into the agreement. The agreement, as made, may bear heavily against the defendant; but courts are not constituted to make new contracts for the parties, but only to enforce such as the parties themselves have made.

The appellants further contend that the plaintiff can have no attorney's lien to such an award as this, which resulted from special proceedings, and not from an action at law. But, if this be admitted, the agreement would still be sufficient to sustain the lien, since it constitutes an equitable assignment of a portion of the award. As was intimated on the former appeal, a suit in equity was the plaintiff's proper remedy. The appellants, however, insist that the action may not be maintained in equity, and, with this in view, motion was made

·at the trial to dismiss the complaint. This motion, we think, was properly denied; and, although a jury trial might have been accorded upon some of the issues, this was not asked for, and therefore was waived. The question thus returns to the meaning to be given to the written agreement, and we think it must be taken for exactly what it says, namely, that the plaintiff was to receive one-half of the award for loss and damage; not one-half of what was realized when the mortgage and taxes were paid. Having succeeded in his efforts to obtain the award, he is entitled to be paid for his services the amount secured under the terms of the written agreement. For this the judgment provides, and it should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., and RUMSEY, J., concur.

McLAUGHLIN, J. I cannot concur in the views expressed in the prevailing opinion in this case. It seems to me, a fair construction ·of the contract between the parties is that the plaintiff was to be paid for services rendered by him a sum equal to 50 per cent. of whatever sum should be recovered by the defendant in satisfaction of the loss ·and damage sustained by him; in other words, the plaintiff was to be entitled to one-half of the beneficial interest obtained by the defendant ·as the result of the plaintiff's efforts. The defendant purchased the ·land appropriated by the city subject to a mortgage, which he did not assume or agree to pay. This mortgage, amounting to between ·$7,000 and $8,000, was a lien upon the land taken by the city at the time the contract was made, and there was also a lien upon the same land for taxes due the city, amounting to several hundred dollars, which had not been assessed against the defendant, and which he was under no legal obligation to pay. The plaintiff had knowledge of these liens. The only possible damage which the defendant could sustain by reason of the taking of the land by the city was so much ·of the award made therefor as exceeded the amount of the mortgage and taxes. The award originally made, as stated in the prevailing opinion, was $4, and, the liens being in excess of that, the defendant, if the award remained, did not sustain any damage at all. This award was vacated, and, as the result of plaintiff's efforts, an award of $22,500 was made. This was awarded in the proceeding, but it was not, in fact, recovered by the defendant. The court directed that ·$7,500 be applied on the mortgage, and $2,623.99 be retained by the comptroller of the city as security for the payment of the taxes, which left $12,376.01 to be paid to the defendant, one-half of which, it seems to me, under the contract, the plaintiff was entitled to, and no more. ·$12,376.01 is all the damage which the defendant sustained, and the contract is that he will pay to the plaintiff, in consideration of the services rendered by him in "obtaining compensation for the loss and ·damage sustained or which may be sustained by me for the land taken, * * * a sum equal to fifty per cent. * * * recovered or confirmed on account of said loss and damage." According to the con- struction put upon this contract in the prevailing opinion, if the award made had only equaled the amount of the mortgage and the taxes, the ·defendant, notwithstanding the fact that he was under no obligation

to pay either of them, must, nevertheless, pay to the plaintiff one-half of the sum awarded. This seems to me to be unjust, and a forced and unreasonable construction of the contract, viewed not only from the position in which the parties were when they entered into it, but also from the language used in it. I am also of the opinion that error was committed upon the trial in the admission of evidence. Substantially the only question of fact contested upon the trial was whether the contract referred to constituted the real agreement between the parties; the plaintiff asserting that it did, and the defendant to the contrary. The plaintiff, to support his contention, called the witness Salter. Salter testified that he was an attorney and counselor at law, and as such had acted for the defendant from 1857 or 1858 until 1893; that he was acting as an attorney for the defendant in 1890 in reference to these proceedings; that he had a conversation with the defendant in reference to the compensation to be paid the plaintiff when the contract was signed; that he got the contract, took it to the defendant, and saw him sign it. He was then asked: "Q. What did he [referring to defendant] say when he signed it?" Objection was made on the express ground that the witness could not answer this question, inasmuch as he was at the time acting as the attorney of Schreyer in that transaction. The objection was overruled, and an exception taken, and the witness answered: "A. When he signed it, he told me that he agreed to that. He brought it into the office, and signed it, and wanted me to deliver it to Mr. Deering." This testimony came directly within the letter and spirit of section 835 of the Code of Civil Procedure, which provides that an attorney or counselor at law shall not be allowed to disclose a communication made by his client to him, or his advice given thereon, in the course of his professional employment. For these reasons I think this judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON, J. I concur in the view of Mr. Justice McLAUGH-LIN that the plaintiff was entitled only to one-half of the sum actually awarded to Schreyer after deducting the amounts of the mortgage and taxes.