JAMES A. DEERING, Respondent, *v.* JOHN SCHREYER et al., Appellants, Impleaded with Another.

171 451
s171 700
e 75 AD¹319

1. EQUITY — ACTION TO ENFORCE EQUITABLE ASSIGNMENT. An equitable assignment of fifty per cent of the landowner's interest in an award made in proceedings instituted by his attorney, to enforce which a suit in equity may be maintained by the latter, is constituted by a written agreement by the owner of lands taken for the extension of a street, to assign and pay to such attorney a sum equal to fifty per cent of whatever sum should be allowed in such proceedings as the attorney should deem advisable to take for the purpose of obtaining compensation for the loss and damage sustained by the landowner by reason of the taking of the land.

2. JURISDICTION — CLAIMS TO FUND. Equity has jurisdiction of an action against the city and other claimants of a fund, by the attorney of the owner of land taken for a street extension, to establish and enforce a lien for his services on an award made for the damages sustained by the landowner by the taking of the land, where the several claimants do not agree as to the distribution of the fund, since the defendant city has the right to have the whole controversy determined in a single equitable action, and the plaintiff, therefore, has the right to anticipate and by the joinder of the proper parties and choice of the proper forum to provide for whatever any defendant has the right to require in order to be adequately protected.

3. EMINENT DOMAIN — AWARD — DEDUCTION OF TAXES AND MORTGAGE — ATTORNEY'S RIGHT. Taxes and the amount of a mortgage which the owner was under no personal obligation to pay, but which the law requires to be satisfied out of an award for land taken for street extension, must be deducted from the gross recovery before ascertaining the amount to which an attorney is entitled, who has contracted with the landowner to institute proceedings to recover for the loss and damage sustained by him, in consideration of a sum equal to fifty per cent of the amount recovered.

4. APPEAL — PRESUMPTION OF FINDING — JUDGMENT DISMISSING COMPLAINT. The rule, that all facts warranted by the evidence and necessary to support a judgment rendered on a decision in the short form will on appeal be presumed to have been found, is not applicable to that part of a judgment dismissing the complaint as to one defendant, since as to that defendant the plaintiff has no judgment to be supported by such a presumption.

*Deering* v. *Schreyer*, 58 App. Div. 322, reversed.

(Argued May 23, 1902; decided June 10, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March

21, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alex. Thain* and *Burton Thompson Beach* for appellants. Nothing was alleged in the complaint or proved upon the trial which warranted resort to a court of equity. (*Matter of Regan*, 167 N. Y. 338, 344; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521, 527; *Bailey* v. *Murphy*, 136 N. Y. 50; *Poole* v. *Belcher*, 131 N. Y. 200, 203; *C. T. Co.* v. *Smith*, 57 Hun, 176; *Fischer-Hansen* v. *B. H. R. R. Co.*, 63 App. Div. 356; *Risley* v. *P. Bank*, 83 N. Y. 318; *Matter of Lexington Ave.*, 30 App. Div. 602; 3 Pars. on Cont. 238; *Goodrich* v. *McDonald*, 112 N. Y. 157; *Addison* v. *Enoch*, 48 App. Div. 111.) Plaintiff has an adequate remedy at law and is, therefore, not justified in seeking relief in equity. (*Lauer* v. *Dunn*, 115 N. Y. 405; *Brill* v. *Tuttle*, 81 N. Y. 454; *Danvers* v. *Lugar*, 30 Misc. Rep. '98; *Hedges* v. *Conger*, 10 N. Y. S. R. 42.) The right of the client to his day in court, and before a jury, on the question of his attorney's compensation for services under contract, cannot be disputed. (Const. of N. Y. art. 1, § 2; *Pilkington* v. *B. H. R. R. Co.*, 49 App. Div. 22; *Randall* v. *Randall*, 114 N. Y. 499; *Coleman* v. *Dickson*, 50 N. Y. 572.) The award having been made in a special proceeding, and not in an action, and no judgment entered thereon, there can be no attorney's lien upon it. (*Rochfort* v. *M. S. R. Co.*, 50 App. Div. 261; *Pilkington* v. *B. H. R. R. Co.*, 49 App. Div. 22; *Matter of Lexington Ave.*, 30 App. Div. 602.) Mr. Deering's lien, if any, should be held jointly with Mr. Schreyer's interest, subject and subordinate to the claim of Dr. Fields under his mortgage, and the whole should not be charged upon Mr. Schreyer. (*Bank of Auburn* v. *Roberts*, 44 N. Y. 192; *Gates* v. *De La Mare*, 142 N. Y. 307; *Hatch* v. *Mayor, etc.*, 82 N. Y. 436; *Barnes* v. *Mayor*, 27 Hun, 236; *Astor* v. *Miller*, 2 Paige, 76; *Astor* v. *Hoyt*,

5 Wend. 603; *Carpenter* v. *City*, 44 App. Div. 230; Lewis on Em. Dom. §§ 324, 628.) The paper under which plaintiff claims does not purport to assign anything which was in existence at the time it bears date, nor to assign any part of the contemplated award. (*Matter of Evans*, 65 App. Div. 100; *Netting* v. *Netting*, 60 App. Div. 409.)

*Clarence L. Barber* and *Vedder Van Dyck* for respondent. Plaintiff is entitled to fifty per cent of the award without deduction for the Fields mortgage. (*Matter of Dept. of Parks*, 73 N. Y. 560; *De Peyster* v. *Mali*, 92 N. Y. 262; *Reese* v. *Resburgh*, 54 App. Div. 378; *White* v. *Smith*, 44 N. J. L. 105; *May* v. *Sibley*, 69 Ga. 133; *Wylie* v. *Coxe*, 15 How. [U. S.] 415; *Jones* v. *Frost*, L. R. [7 App. Cas.] 773; *Bailey* v. *Burchall*, 2 H. & M. 371; *Trustees* v. *Greenough*, 105 U. S. 532; *Hobbs* v. *McLean*, 117 U. S. 567.) Plaintiff is entitled to fifty per cent of the award, without deduction for taxes and assessments. (*Matter of Mayor, etc.*, 40 App. Div. 285; 59 App. Div. 603; 167 N. Y. 627; *Barbey* v. *Ludington*, 10 Hun, 305; *Deering* v. *McCahill*, 19 J. & S. 263; *Bard* v. *R. R. Co.*, 14 Abb. [N. C.] 496; *Clerg* v. *Aikens*, 17 Abb. [N. C.] 88.) Plaintiff has a lien on the fund at common law. (*Williams* v. *Ingersoll*, 89 N. Y. 517; *Rooney* v. *S. A. R. R. Co.*, 18 N. Y. 369; *Coughlin* v. *N. Y. C. R. R. Co.*, 71 N. Y. 448; *Dodge* v. *Scheel*, 10 Abb. [N. C.] 465; *H. Ins. Co.* v. *Smith*, 28 Hun, 296; *Gates* v. *De La Mare*, 49 N. Y. S. R. 775; *Ward* v. *Craig*, 87 N. Y. 551; *Matter of Regan*, 29 Misc. Rep. 527.) Plaintiff has a lien on the fund as equitable assignee. (3 Pom. Eq. Juris. §§ 1234–1236, 1283; *Jones* v. *Mayor, etc.*, 90 N. Y. 387; *Harwood* v. *La Grange*, 137 N. Y. 538; *Smith* v. *Smith*, 125 N. Y. 224; *Fairbanks* v. *Surgent*, 39 Hun, 588; 104 N. Y. 108; 117 N. Y. 320; *Williams* v. *Ingersoll*, 89 N. Y. 521.) Plaintiff has a lien on the fund under the statute. (*Matter of Regan*, 167 N. Y. 338; *Matter of Knapp*, 85 N. Y. 295; *Mayer* v. *Mayor, etc.*, 161 N. Y. 284; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9; *Embury*

v. *Conner*, 3 N. Y. 511; *Matter of Arnold*, 60 N. Y. 26; *Dolan* v. *Mayor, etc.*, 62 N. Y. 472; *Matter of Dept. of Parks*, 73 N. Y. 560; *Ennis* v. *Curry*, 22 Hun, 584; *Place* v. *Haywood*, 8 Civ. Pro. Rep. 352.) The jurisdiction of a court of equity to enforce the lien is well established and it has been declared as the law of this case. (1 Pom. Eq. Juris. §§ 137, 138, 165, 169, 170; *Field* v. *Mayor, etc.*, 6 N. Y. 179; *Young* v. *Stoddard*, 27 App. Div. 168; *Spears* v. *Mayor, etc.*, 87 N. Y. 375; *Williams* v. *Ingersoll*, 89 N. Y. 617; *Clark* v. *Mosher*, 107 N. Y. 118; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521; *Rochfort* v. *R. R. Co.*, 50 App. Div. 265.)

VANN, J. The defendant, Schreyer, owned certain land in the city of New York which was appropriated for the purpose of extending Lexington avenue, pursuant to chapter 469 of the Laws of 1881. The commissioners appointed to appraise the damages were of the opinion that the land had been dedicated as a street and, hence, made an award of only four dollars to Mr. Schreyer who, after the award had been confirmed, by a written agreement, dated October 13th, 1890, employed the plaintiff, an attorney and counselor at law, " to take such proceedings as to him may seem advisable towards obtaining compensation for the loss and damage sustained or which may be sustained by me for land taken or otherwise, by reason of the opening of Lexington avenue, * * *. And in consideration of his professional services (I) do hereby promise, assign and agree to pay to the said Deering a sum equal to fifty per cent of whatever sum shall be allowed, recovered, or confirmed on account of said loss and damage. It being agreed and understood that in case of no recovery or allowance, the said Deering shall receive nothing."

The plaintiff by diligence and skill, after a protracted litigation, which included an appeal to the Court of Appeals, succeeded in setting aside the former proceeding and obtaining from new commissioners an award of $22,500. A difference having arisen between the parties as to the proportion of

the award that Mr. Deering was entitled to for his services, he made a summary application at a Special Term of the Supreme Court, founded on a petition, to have the amount coming to him determined by a reference and paid over by the city comptroller. This application was resisted by Mr. Schreyer, who, although unsuccessful at first, finally secured a dismissal of the proceeding, upon the ground that the court had no jurisdiction to entertain it. (*Matter of Lexington Avenue*, 30 App. Div. 602; 157 N. Y. 678.)

Mr. Deering then brought this action against the city of New York, the said Schreyer and one William J. Fields, who claimed to hold a mortgage upon the land appropriated, to establish a lien upon the award for his services under said contract, determine the amount thereof, foreclose the same and to require the city to pay over his part from the moneys in its hands. The defendants answered separately; the issues joined were tried at Special Term and, with one exception, were decided in favor of the plaintiff, so far as they were decided at all. The trial court determined that the plaintiff was the equitable assignee of one-half of the award and was entitled to payment thereof with interest and without any deduction on account of incumbrances. Owing to the payment of said mortgage and certain taxes out of the fund, pursuant to an order of the court made before this action was commenced, there was not enough left to pay the amount which the trial judge decided was going to the plaintiff, and the judgment as entered provided for the deficiency by a personal recovery from the defendant Schreyer, amounting with costs to the sum of $1,822.58. The complaint as to Fields was dismissed without costs. The plaintiff did not appeal from any part of the judgment, but the defendants Schreyer and Fields appealed to the Appellate Division, where the judgment was affirmed, two of the justices dissenting, and thereupon the appellants below appealed to this court.

The jurisdiction of a court of equity to entertain this action is challenged by the appellants, who insist that the plaintiff had an adequate remedy at law and hence could not resort

to equity for relief. We agree with the learned justices of the Appellate Division, who, as we read their opinions, united in holding that the written agreement constituted an equitable assignment of fifty per cent of Schreyer's interest in the award and authorized a suit in equity to enforce it. (*Spears* v. *Mayor, etc., of N. Y.,* 87 N. Y. 359; *Clark* v. *Mosher,* 107 N. Y. 118; Pom. Eq. Jur. § 137 *et seq.*) We so declared, *arguendo,* on the former appeal. (*Matter of Lexington Avenue, supra.*)

· We are also of the opinion that there was jurisdiction in equity, because there were three claimants to the fund or some part thereof, Schreyer, Fields and the plaintiff, who did not agree as to the amount going to each, and hence the city had the right to have the whole controversy determined in a single action in equity, without being subjected to the risk and expense of three actions at law. The plaintiff had the right to anticipate and, by the joinder of the proper parties and the choice of the proper forum, to provide for whatever any defendant had the right to require in order to be adequately protected. (*Chambers* v. *Lancaster,* 160 N. Y. 342, 348; *Risley* v. *Phœnix Bank,* 83 N. Y. 318.)

The difference of opinion in the Appellate Division was upon the question whether the amount of a certain mortgage, which was a lien upon the land taken by the city when Schreyer took title thereto, as well as the amount due the city for taxes upon said land when the contract relating to legal services was made, should be deducted from the award before a division thereof between the plaintiff and Schreyer. A majority of the justices of the Appellate Division held that the plaintiff was entitled to fifty per cent of the award without diminution on account of the lien of the mortgage and the assessments for taxes, while the minority were of the opinion that the amount of these liens should be deducted before the division was made.

The trial court found that before Mr. Schreyer retained the plaintiff, he had acquired title to the land in question by a deed from one John Molloy, dated June 4th, 1884, subject

to a mortgage made by said Molloy, dated March 6th, 1884, to one Ross, to secure the payment of $6,000. Said mortgage was assigned, November 6th, 1884, by Ross to one Martling, and on May 9th, 1889, by Martling to the defendant Fields, each assignee being a son-in-law of Schreyer. Mr. Schreyer was not personally liable for the debt secured by the mortgage, for he did not sign either the bond or mortgage, nor contract the debt which they were given to secure. The evidence did not warrant a finding and no finding was made, that he had assumed the payment of the bond or mortgage. The plaintiff knew of the liens when he made the agreement with Schreyer in relation to compensation for his services, and he took the chances of getting one-half of whatever Schreyer might get. That agreement, to which the holder of the mortgage was not a party, entitled the plaintiff " to fifty per cent of whatever sum shall be allowed, recovered or confirmed on account of" the loss and damage sustained by Schreyer through the appropriation of his land. What loss or damage did he sustain through that act? Clearly he could sustain neither loss nor damage by the taking of that which did not belong to him, but what he had that was taken away from him, he was entitled to pay for. If he had owned simply an undivided interest in the land, his " loss and damage " would have been measured by the value of that interest only. He, however, in fact owned the land, but it was subject to certain liens, which he was under no personal obligation to pay. The extinguishment of those liens was no part of his "loss or damage," for he could derive no benefit from the payment thereof and could be subject to no personal liability from their continuance in force. They were, practically, an interest in the land that he did not own, and hence reduced his holding accordingly. As the appropriation by the city by force of the statute extinguished all pre-existing titles and liens, the owner of the mortgage was entitled to have the award applied thereon to the extent necessary for his protection. (*Gates* v. *De La Mare*, 142 N. Y. 307.) The amount of the mortgage and taxes were thus carved by the law out of the award, and

the balance only represented the loss and damage of Schreyer. That balance was all that he was entitled to retain for himself, and all in which he had any beneficial interest. It was to this extent only that he was benefited by the efforts of the plaintiff, as the latter knew must be the result when he made the contract. Schreyer could not receive for his own use any more than the value of the land taken after deducting the amount of the liens thereon. He could not have compelled the city to pay him the entire award, but only the net balance remaining after deducting the amount of the liens, for that represented his substantial interest in the land. The remaining interest, as we may call it for convenience, belonged to others, and the plaintiff could not claim one-half of the amount going to them, but only one-half of the amount going to Schreyer, who did not own the mortgage and was not injured because it was appropriated by the city, nor benefited if others received payment for their own. Land incumbered by liens is worth to the owner only the amount representing its value after the amount of the liens has been deducted. According to the construction put upon the contract by the courts below, as was said in the dissenting opinion, "if the award made had only equalled the amount of the mortgage and the taxes, the defendant, notwithstanding the fact that he was under no obligation to pay either of them, must, nevertheless, pay to the plaintiff one-half of the sum awarded." It might also be said that, if the judgments below are sustained, Schreyer would be in a worse situation than if he had submitted to the first award of four dollars, for, as the record now stands, he not only loses his land, but has a deficiency judgment against him for more than $1,800.

Although the plaintiff did not appeal from that part of the judgment which dismissed the complaint as to Fields, he contends that the mortgage had been paid before the condemnation proceedings were instituted, and that it was kept alive by a spurious or pretended assignment in order to enlarge the award. The trial judge did not so find, but the decision was in the short form, which is equivalent to a general verdict of

a jury in favor of the plaintiff. Hence, it is claimed that, as the evidence authorized the trial court to find that Schreyer had assumed the payment of the mortgage; that the mortgage had been paid before the land was appropriated, and, although kept alive in form, that it had no substance, and was in fact no lien, it must be presumed, in support of the judgment rendered by the trial court, that such a finding was made although not written out in terms. This cannot be presumed, however, as to the holder of the mortgage, because the complaint was dismissed as to him and the plaintiff has no judgment against him to support such a presumption.

Moreover, we have searched the record in vain for evidence to support such a finding. Certain offers to prove, made by the plaintiff, were excluded on the objection of the defendants, which, if the evidence had been received, might have led to a different result, but the plaintiff has not appealed and his exceptions are not before us. It is not he, but the defendants, who ask for a new trial.

Certain affidavits were read in evidence containing somewhat loose and indefinite statements, made partly upon information and belief, which are now relied upon to support an implied finding of the character mentioned. Those affidavits, however, were part of the record on a motion made before the commencement of this action by the holder of the mortgage to have so much of the award paid over to him as would satisfy his claim. They were introduced to show upon what the order of the court, requiring such payment to be made, was founded, but on the distinct understanding, noted in the minutes, that "the statements in the affidavits are not to be considered as evidence." The issues as to the assumption of the mortgage by Schreyer, the payment thereof by him and its assignment for an ulterior purpose, although tendered by the complaint and met by the answer, were neither tried nor determined, for the trial justice regarded them as immaterial. Those issues can be disposed of upon the new trial, which we deem it our duty to order, unless the plaintiff consents that

the judgment appealed from be so modified as to accord with the views herein expressed.

The judgment should be reversed and a new trial granted, with costs to abide event, unless within ten days after notice of this decision the plaintiff stipulates that the judgment be modified by deducting the amount of the mortgage and taxes from the amount of the award, before a division is made, and that the provisions of the judgment be readjusted accordingly, and in that event the judgment, as thus modified, should be affirmed, without costs in this court to either party. The order, if not agreed upon by the parties, may be settled before VANN, J., upon a notice of five days.

PARKER, Ch. J., concurs in result; BARTLETT, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur generally.

Judgment accordingly.