(110 App. Div. 200.)

### DEERING v. SCHREYER.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. EQUITY—PLEADINGS—AMENDMENT CONFORMING PLEADING TO PROOF.

Defendant employed plaintiff to recover damages for land taken for street purposes, agreeing to pay him one-half of the amount of the award. There was a mortgage on the property, which defendant insisted should be paid out of the award before division thereof. Near the close of the trial plaintiff abandoned his claim that the mortgage had been paid, and by an amendment of his complaint alleged that defendant was estopped from asserting its validity as against plaintiff. The action was an equitable one, and the effect of the amendment was no more than conforming the pleading to the proof. Defendant did not claim that he was surprised or misled, and he was given all the time he asked for in which to answer the complaint as amended, and afterwards amended his answer so far as necessary to deny the facts alleged in the amended complaint. *Held*, that the amendment was properly allowed.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 547.]

2. ESTOPPEL—EQUITABLE ESTOPPEL—KNOWLEDGE OF FACTS.

If acts and declarations were voluntary and calculated to mislead, and actually have misled another acting in good faith, it is sufficient to constitute an estoppel, although there was no intention on the part of the person making the declarations or doing the acts at the time to mislead the person induced to rely thereon.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Estoppel, §§ 124–289.]

3. ATTORNEY AND CLIENT—COMPENSATION OF ATTORNEY—CONTINGENT FEES
—ESTOPPEL.

Where the owner of land condemned for street purposes contracted with an attorney to pay him half of the damages that might be awarded for the property taken, and represented to the attorney that a mortgage on the property had been paid, which was believed by the attorney, and relied upon by him in executing the contract, such owner was estopped from claiming that the mortgage was unpaid, and that the amount thereof should be deducted from the amount of the award before a division thereof.

4. SAME—DIVISION OF AMOUNT RECOVERED—INTEREST.

Defendant employed plaintiff as his attorney to recover damages for property taken for street purposes, for one-half of the amount recovered. The commissioners awarded a certain sum, which was paid to the city chamberlain, pending a dispute as to the division thereof, and while so deposited it earned interest. Subsequently, there was paid by the chamberlain to plaintiff a larger amount than he was entitled to under the subsequent decision of the court, and this was held by plaintiff for nearly two years, when he returned it to the chamberlain, where it remained, bearing interest. *Held,* that plaintiff was entitled to no more interest than his share in the award earned while it was in the hands of the chamberlain, and that he must be charged interest at the rate of 6 per cent. per annum on the amount in excess of his share which he retained for the two years.

Appeal from Special Term, New York County.

Action by James A. Deering against John Schreyer and another. From the judgment entered, plaintiff and defendant Schreyer appeal. Modified.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

Clarence L. Barber, for plaintiff.

Alexander Thain, for defendants.

McLAUGHLIN, J. The litigation between the parties growing out of the subject-matter involved in this action has been before the courts several times, and it is unnecessary, in view of the numerous opinions written, in which the facts have been fully stated, to again set them out in detail. Matter of Lexington Avenue, 30 App. Div. 602, 52 N. Y. Supp. 203, affirmed 157 N. Y. 678, 51 N. E. 1092; Deering v. Schreyer, 58 App. Div. 322, 68 N. Y. Supp. 1015, reversed 171 N. Y. 451, 64 N. E. 179; Id., 88 App. Div. 457, 85 N. Y. Supp. 275.

The facts, so far as the same are material to the question now presented, are, in substance, as follows: The defendant Schreyer was the owner of certain land in the city of New York, which was taken by the city for the purpose of extending Lexington avenue. The commissioners appointed in that proceeding to estimate and assess the damages sustained by Schreyer by the taking of such land held that it had been previously dedicated as a street, and therefore a nominal award of $4 was all he was entitled to receive. After this award had been confirmed, Schreyer employed the plaintiff as an attorney for the purpose of taking such proceedings as he thought necessary to set aside the award, and, if possible, procure a larger one, and on the 13th of October, 1890, entered into a contract with him which stated:

"I do hereby retain and employ James A. Deering, attorney and counsellor at law, to take such proceedings as to him may seem advisable towards ob-

taining compensation for the loss and damage sustained or which may be sustained by me for land taken or otherwise by reason of the opening of Lexington avenue, * * * and in consideration of his professional services I do hereby promise, assign, and agree to pay to the said Deering a sum equal to 50 per cent. of whatever sum shall be allowed, recovered, or confirmed on account of said loss and damage; it being agreed and understood that in case of no recovery or allowance the said Deering shall receive nothing."

After this contract was made, the plaintiff instituted proceedings to set aside the award, his efforts were successful, new commissioners were appointed, and they made an award of $22,500 to Schreyer. A dispute then arose between Deering and Schreyer as to how much the former was entitled to receive under the contract above quoted; Deering claiming he was entitled to one-half the award without any deduction on account of incumbrances or taxes, and Schreyer claiming that he was entitled to only one-half of what remained after such deductions had been made. For the purpose of settling the dispute thus raised, Deering, upon a petition applied in the proceedings which resulted in the award to have the amount to which he was entitled fixed and determined, and the same paid to him; but, on appeal from an order of reference, this court held (Matter of Lexington Avenue, 30 App. Div. 602, 52 N. Y. Supp. 203) that his rights under the contract must be determined in an action brought for that purpose. Thereupon this action was brought to determine the amount to which the plaintiff was entitled under his contract with Schreyer, to establish a lien for such amount upon the award, and to direct the city to pay over whatever sum might be found due. The respondent Fields was made a party defendant, inasmuch as he was the record owner of a mortgage which purported to be an incumbrance upon the land taken. The action was tried at Special Term, where it was determined that the plaintiff was the equitable assignee of one-half of the whole award, and by reason thereof entitled to payment of such amount without any deductions therefrom. Judgment to this effect was entered, and an appeal taken to this court, where the same was affirmed (58 App. Div. 322, 68 N. Y. Supp. 1015); but on appeal to the Court of Appeals (171 N. Y. 451, 64 N. E. 179) the same was reversed, and a new trial ordered, that court holding that both the taxes and the amount of the Field mortgage "must be deducted from the gross recovery before ascertaining the amount to which the attorney is entitled." At the new trial thus ordered the principal issue litigated was the validity of the Field mortgage; the defendants Schreyer and Field claiming that it was a valid outstanding incumbrance on the land taken, and the plaintiff that the mortgage had been paid, that it was merely kept alive by pretended assignments, and was in fact no lien upon the land. The plaintiff was successful in his contention; it being determined that the mortgage had been paid, and consequently there was no basis for deducting the amount of it from the award. This judgment further determined that the defendant Schreyer was entitled to have paid to him, out of the award, $2,623.99, being the amount which he had paid for taxes, together with interest thereon from August 2, 1895, amounting to $1,296,-25, making in all $3,920.24, which sum was paid to him by the chamberlain on October 30, 1903. From this judgment Schreyer and Fields appealed, but excepted from such appeal that portion of the judgment

which determined that Schreyer was entitled to payment of the taxes and interest. Deering did not appeal. The judgment, so far as the same was appealed from, was reversed (88 App. Div. 457, 85 N. Y. Supp. 275), and a new trial ordered, on the ground that the trial court had improperly permitted the plaintiff to introduce in evidence the testimony of a witness, then deceased, which testimony had been given in the special proceeding instituted by Deering to have his lien determined. But the reversal did not affect that part of the judgment which decreed that Schreyer was entitled to receive, out of the award, the taxes paid by him before any division was made. The notice of appeal expressly stated that the appeal was not taken from that part of the judgment, and therefore there was no authority in this court to review that part of it (section 1317, Code Civ. Proc.), and a reference to the opinion will show that it was not reviewed. That judgment, therefore, finally determined that the taxes and interest, aggregating $3,920.24, must be first deducted from the award and paid to Schreyer before any division of the balance could be made.

At this new trial the plaintiff abandoned his claim that the Field mortgage had been paid, and by an amendment to the complaint alleged that defendant Schreyer was estopped from asserting its validity as against the plaintiff. Although the amendment was not made until at or near the close of the trial, I am of the opinion that the court had the power to allow it to be made, and Schreyer is not in a position to complain, inasmuch as he was given all the time he asked for in which to answer the complaint as amended. It is not claimed he was surprised, or that he was misled by the amendment. It is true he objected to it upon the ground that it did not set up facts sufficient to warrant an estoppel and that it was a material change from the original cause of action alleged. The action is an equitable one, and the court, in order to do justice between the parties, had the power to allow the amendment, which was, in effect, nothing more than conforming the pleading to the proof, to the end that justice might be done. The plaintiff, prior to the amendment, had testified that at the time he entered into the contract in question Schreyer had informed him the mortgage, which was apparently outstanding against the property, had been paid off by him, and in accepting the retainer he acted upon that assumption. After the complaint had been amended the defendant Schreyer amended his answer in so far as the same was necessary in order to deny the facts alleged by the plaintiff as constituting an estoppel. The case was then reopened, additional evidence was introduced upon the issue as framed by the amended pleadings, and the court found that, while the Field mortgage was a valid and subsisting lien upon the land taken, for which reason it should be paid out of the award, nevertheless Schreyer, by reason of his acts, was estopped from asserting its validity as against the plaintiff. We do not think it can be said that the finding in this respect is against the weight of evidence. In addition to the testimony of the plaintiff, already referred to, to the effect that at the time he accepted the contract Schreyer told him the mortgage had been paid, he testified, on being recalled after the amendment had been made, that he believed the statements made by Schreyer to be true at the time they were made; that he relied upon such

97 N.Y.S.—2

statements in entering into the contract, and would not otherwise have done so. The plaintiff also introduced in evidence bearing on this subject—three affidavits made by Schreyer: One, verified October 24, 1890, in which he stated that:

"The premises are subject to a mortgage of $6,000, which, since the confirmation of the report herein [awarding $4], I have been obliged to provide for it."

Another, verified February 20, 1891, in which he stated that:

"Subsequent to the confirmation of the report herein I was compelled to pay the mortgage the amount of said mortgage, $6,000, and instead of having the same discharged of record, owing to the still outstanding claim on my part against the city, and for reasons connected therewith, an assignment thereof, upon said payment, was made to my son-in-law, Mr. Field."

And the other, verified in May, 1902, where he stated that:

"Subsequently to the confirmation of the report herein I was compelled to pay the mortgagee the amount of said mortgage, $6,000, and instead of having the same discharged of record, owing to the still outstanding claim on my part to compensation against the city, and for reasons connected therewith, an assignment thereof on such payment was made to my son-in-law, Mr. Field."

These affidavits were not objected to by the defendant Schreyer; the only objection raised being that they were incompetent as to Field, and they were excluded by the court as to him. It is true they were verified after the contract itself had been executed, but nevertheless, as an admission of Schreyer, were some evidence tending to corroborate the truth of the plaintiff's statement that Schreyer told him the mortgage had, in fact, been paid. Schreyer having made this statement to the plaintiff, and he, relying upon it and believing the same to be true, having entered into the contract, it would be inequitable and unjust to permit Schreyer to thereafter change his position and thereby gain a pecuniary advantage by reason of his false statement. This a court of equity will not permit a party to do. The rule is that, when a party either by his declarations or conduct has induced another to act in a particular manner, he will not thereafter be permitted to deny the truth of the declarations or repudiate the effect of his conduct, if the consequences would be to work injury to the person who had acted upon them (Mattes v. Frankel, 157 N. Y. 609, 52 N. E. 585, 68 Am. St. Rep. 804; Carpenter v. German-American Ins. Co., 135 N. Y. 298, 31 N. E. 1015; Trustees v. Smith, 118 N. Y. 634, 23 N. E. 1002, 7 L. R. A. 755); and there need not necessarily be, on the part of the person making the declaration or doing the act, at the time, an intention to mislead the one who is induced to rely upon them (Continental National Bank v. National Bank of the Commonwealth, 50 N. Y. 583). If his act were voluntary and calculated to mislead, and actually has mislead another acting in good faith, that is sufficient. Blair v. Wait, 69 N. Y. 113. The plaintiff, as already said, testified that Schreyer told him the mortgage had been paid; that he believed such statement to be true, and relied upon it in executing the contract, and that he would not have entered into the contract if the representation had not been made and he had not believed it to be true. This being so, Schreyer

will not now be permitted to deny the truth of the assertion, because to do so would work material injury to the plaintiff.

Having reached this conclusion, the only thing remaining is to determine what amount the plaintiff is entitled to under his contract, to the end that a judgment may be directed by this court, as requested by all the parties in their briefs and upon the oral argument. On the 1st of June, 1894, the report of the commissioners of estimate and assessment was confirmed, awarding to the defendant Schreyer $22,500 for the land taken. Under the judgment of June 23, 1903, heretofore referred to, there must be deducted from this award, before a division is made between Deering and Schreyer, the amount of taxes paid by the latter, together with the interest thereon, amounting to $3,920.24, and which sum was paid to him by the chamberlain on the 30th of October, 1903. After making this deduction there remains a balance of $18,579.76, to one-half of which the plaintiff is entitled, or $9,289.88. On October 9, 1895, there was deposited with the city chamberlain, pursuant to an order of this court dated March 2, 1895, the sum of $12,376.01, which remained in his hands until October 6, 1896, during which period interest accrued thereon amounting to $183.84, of which Deering was entitled to $138 (that being the amount of interest which $9,189.88 had earned), and Schreyer to the balance, $45.84. On the 6th of October, 1896, there was paid by the chamberlain to the plaintiff the amount originally deposited with him, $12,376.01, together with the interest which had accrued thereon $183.84, making a total of $12,559.85, and this was held by the plaintiff until October 28, 1898, when he returned it to the chamberlain. This sum remained with the chamberlain until June 29, 1900, during which time interest accrued thereon, amounting to $402.15, of which Deering was entitled to $301.87 (that being the amount of interest which $9,427.88 had earned), and Schreyer to the balance, $100.28. Adding this interest, $301.87, to the $9,427.88 which belonged to the plaintiff, makes $9,729.75 as plaintiff's share in the award, including all interest earned by it. He is entitled to no more interest than his share in the award earned while it was in the hands of the chamberlain (Deering v. Schreyer, 88 App. Div. 466, 85 N. Y. Supp. 275), and from this sum certain deductions must be made. As already stated, on the 6th of October, 1896, the chamberlain paid to him $12,559.85, and he was then only entitled to receive out of the fund $9,427.88, which made a payment to him of $3,131.97 in excess of what he was entitled to receive, which he retained until October 28, 1898, a period of 2 years 22 days, and for which he must be charged interest at the rate of 6 per cent. per annum, which amounts to $387.32. The plaintiff, on the 21st of July, 1897, also received from the comptroller $46.27, which he held until October 28, 1898; and, this being a sum to which he was not entitled, he is chargeable with interest upon it at the rate of 6 per cent. for the period of 1 year 3 months 7 days, which amounts to $3.52. These two items of interest amount to the sum of $390.84. On the 29th of June, 1900, plaintiff received from the chamberlain the amount deposited with him on the 28th of October, 1898, viz., $12,559.85, together with the interest which had accrued thereon to June 29, 1900 ($402.15), making a total of $12,962. But, as already shown, the plaintiff was at that time only entitled to

receive $9,729.75, and he therefore received $3,232.25 more than he was entitled to. This he held at the time the judgment appealed from was entered, May 25, 1905, a period of 4 years 10 months 25 days, and he must be charged with interest on such excess at the rate of 6 per cent. for that time, which amounts to $950.82. This, added to $390.84, the other interest with which he is chargeable, makes a total charge against him of $1,341.66, which, deducted from the $9,729.75, leaves due him out of the award $8,388.09. But he has in his hands, as already shown, $12,962, which is $4,575.91 more than his share of such award. From this amount, however, he is entitled to retain $1,-256.88, the balance remaining due upon the Field mortgage and which the judgment directs him to pay, and also the costs as taxed, $837.53 (less the $100 directed to be paid for the privilege of amending his complaint), without the extra allowance of 5 per cent., which we do not think should have been granted, in view of the liberal terms imposed in permitting an amendment of the complaint after so many trials, and also in view of the fact that Schreyer was successful on his various appeals and in the issue as to taxes. After making these deductions, there still remains $2,579.50 in Deering's hands to which he is not entitled, and therefore judgment is directed against him in favor of Schreyer for this sum.

The judgment appealed from, therefore, must be modified as indicated in this opinion, and, as thus modified, affirmed, without costs to either party. All concur.