JAMES A. DEERING, Appellant and Respondent, *v.* JOHN
    SCHREYER, Respondent and Appellant, Impleaded with
    Others.

*Deering* v. *Schreyer,* 110 App. Div. 200, reversed.
(Argued May 8, 1906; decided May 15, 1906.)

CROSS-APPEALS from a judgment of the Appellate Division
of the Supreme Court in the first judicial department, entered
February 7, 1906, modifying and affirming as modified a judg-
ment of Special Term in an action to determine the amount
to which plaintiff was entitled under a contract of employ-
ment as attorney in a proceeding to obtain compensation for
damages to property by reason of a street opening.

*Clarence L. Barber* for plaintiff, appellant and respondent.

*Alexander Thain* for defendant, respondent and appellant.

*Per Curiam.* The essential facts of this case have been stated many times during its passage through the courts. (*Matter of Lexington Avenue*, 30 App. Div. 602; 157 N. Y. 678; *Deering* v. *Schreyer*, 27 Misc. Rep. 237; 40 App. Div. 633; 58 App. Div. 322; 171 N. Y. 451; 88 App. Div. 457; 110 App. Div. 200.)

The main controversy at the present stage of the litigation is over the items of interest and taxes, and we lay down the following as the rules to govern the distribution of the fund with reference to those subjects:

1. Neither party should pay to the other interest on the fund or any part thereof while it was in the custody of the city chamberlain. The interest paid by that officer should be treated as principal and divided on the same basis. The party who has had more than his equitable share of the fund in his custody should pay interest to the other on the excess during the period of such custody.

2. The claim of the city for taxes having been formally abandoned by the disclaimer dated May 4th, 1905, there should be no deduction from the fund on account of taxes, before division is made between the parties. The judgment rendered on a former trial whereby the city was directed to pay to the defendant Schreyer the sum retained as security for taxes with interest thereon, did not adjudicate as between the plaintiff and the defendant Schreyer that said amount should belong to the latter finally and absolutely, with no right in the court on the new trial that was ordered to charge the same to Mr. Schreyer as so much paid to him from the fund.

Neither judgment below was in accordance with these rules and hence we reverse both and order a new trial, with costs to abide the final award of costs.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed, etc.