JAMES C. MACINTYRE et al., as Assignees for the Benefit of Creditors of CONROY GLOVES, INC., Respondents, v. STATE BANK OF ALBANY, Appellant.— Plaintiffs, assignees for the benefit of creditors of Conroy Gloves, Inc., formerly of Johnstown, New York, brought this action under section 15 of the Stock Corporation Law to recover a series of alleged preferential payments by Conroy to defendant. After trial at Fulton County Trial Term plaintiffs had judgment on a jury's verdict, from which judgment this appeal is taken. Defendant bank extended to Conroy increasing lines of credit beginning in 1946 and running through 1948, the indebtedness being evidenced by debtor's notes, both secured and unsecured. All of the loans were repaid in full. Payments on the 1948 notes began in October of that year and continued until January 17, 1949. Plaintiffs sued to recover the payments made from December 1, 1948 to January 17, 1949, all on unsecured notes. Debtor's insolvency during such period was clear and, inferentially at least, is admitted by defendant, which also admits that the payments were preferential in fact though not so in intent. Invalid preferential payments under section 15 are made when the debtor is insolvent or such insolvency is imminent, with intent on debtor's part to prefer the creditors over other creditors, and taken by the creditor with knowledge or reasonable cause to believe that they will effect a preference in the latter's favor. Defendant's officers disclaimed any knowledge prior to January 18, 1949, of the precarious state of debtor's finances, asserting reliance on debtor's financial statement of September 30, 1948, as indicating solvency. A credit inquiry from a New York City bank brought to defendant's attention in November, 1948, that debtor had outstanding a large amount of trade acceptances which it had not included as liabilities in that statement and which greatly exceeded the limit for such type of liability previously agreed upon between them. This indicated the falsity of the statement upon which defendant asserts reliance, as well as a suspicious failure of debtor to abide by its agreements. Thereupon defendant told debtor that no further credit would be extended

and that the notes must be met when due. Defendant had knowledge of an interlocking interest between debtor and a small corporation in New Hampshire. More than a year prior to the time under consideration information had been received as to the financial condition of the New Hampshire corporation and defendant had refused it credit. The record discloses numerous transactions in 1948 between Conroy and the New Hampshire corporation, noted on Conroy's books as " exchanges " but resembling " check kiting ". Some of these transfers passed through defendant bank; others through a smaller bank in nearby Fonda, New York. Checks from and to the New Hampshire corporation through defendant bank in 1948 amounted to approximately $275,000. Some of such deposits were made in December, 1948, and were drawn against as a part of debtor's payments to defendant on the notes. Defendant disclaimed knowledge of the existence of these transactions, yet as early as December 3, 1948, Conroy was warned against giving defendant a check on the Fonda bank and depending on paying that check by one on New Hampshire. Other evidence as to debtor's inadequate working capital, the condition of its bank account, the conversion of accounts pledged to defendant and applications for further loans, coupled with the foregoing, were sufficient to justify a jury in drawing inferences both of intent on the part of debtor to prefer defendant as a creditor and knowledge or reasonable cause on defendant's part to believe that such payments were effecting a preference in its favor. " The presumption is that a man intends the natural consequences of his act." (*Greenwald* v. *Wales,* 174 N. Y. 140, 145.) " Neither a large bank nor a small bank may urge that it is ignorant of facts clearly disclosed in the transactions of its customers with the bank — disclosed, too, without the need of artificial synthesis of notice of separated operations; nor may a bank close its eyes to the clear implications of such facts." (*Grace* v. *Corn Exchange Bank Trust Co.,* 287 N. Y. 94, 107.) The award of interest on the amount found repayable was proper. " Defendants were required, as matter of law, to pay interest on the sums directed to be repaid." (*La Vin* v. *La Vin,* 277 App. Div. 896; Civ. Prac. Act, § 481.) *Deering* v. *Schreyer* (185 N. Y. 560, 561) involving claims upon the fund existing by reason of a compensation award, presents an analogy to this case. There the court said, " The party who has had more than his equitable share of the fund in his custody should pay interest to the other on the excess during the period of such custody." Judgment unanimously affirmed, with costs to respondent. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *post,* p. 846.]